**Robert Blakely McCLENDON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–150–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 11, 1990.

Discretionary Review Refused April 11, 1990.

Janet Morrow, Houston, for appellant.

Linda A. West, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Robert Blakely McClendon, appeals his judgment of conviction for the offense of burglary of a motor vehicle with the intent to commit theft. TEX.PENAL CODE ANN. § 30.04 (Vernon 1989). On July 3, 1985, appellant pled nolo contendere. The court deferred any finding of guilt and placed him on five years probation. The court ordered the payment of a five hundred dollar fine and restitution of one hundred and sixty-two dollars and fifty cents ($162.50).

A Motion to Adjudicate Guilt was filed on August 21, 1987, alleging that appellant committed the offense of driving while intoxicated on or about August 17, 1987. The motion also included an allegation that appellant had failed to pay the July, 1987, probation supervisory fee. As a result of this motion, the conditions of probation were amended on November 12, 1987, to include participation in the Houston Regional Council on Alcoholism and total abstinence from alcoholic beverages. The court did not adjudicate guilt but continued to defer adjudication of guilt.

A second Motion to Adjudicate Guilt was filed on December 6, 1988, alleging appellant violated his probation by committing the offense of burglary of a habitation with intent to commit theft, receiving stolen property and felony theft.

A hearing on this motion was held on February 16 and 17, 1989. The court found that appellant committed the offense of theft in violation of the conditions of his probation and found him guilty of burglary of a motor vehicle. After a hearing on punishment, the judge sentenced appellant to confinement in the Texas Department of Corrections for six (6) years. We affirm.

In his sole point of error, appellant asserts that the trial court denied him a fair punishment proceeding after adjudication of his guilt by giving effect to a waiver of a presentence investigation (PSI) that applied only to the plea proceeding and by failing adequately to explain on the record the refusal of appellant's request for a presentence investigation.

At the hearing on the State's motion to adjudicate guilt, the trial judge found that appellant had violated his conditions of probation by committing the offense of theft on or about November 16, 1988. After

finding appellant guilty of the original offense of burglary of a motor vehicle, the following exchange between the court and defense counsel occurred:

THE COURT: We will proceed with the punishment phase.

\* \* \* \* \* \*

DEFENSE COUNSEL: The defense would request preparation of a presentence investigation report in this case to fully inform the court of all the information it needs, I believe, to assess a proper punishment.

\* \* \* \* \* \*

THE COURT: Counsel, there is in this file a waiver of presentence investigation filed at the time of the plea. The court has relied upon that waiver being in this file and the court will consider whatever other punishment evidence is available at this time before deciding on the presentence investigation.

DEFENSE COUNSEL: We have a different time on which to bring the witnesses on the sentencing hearing.

THE COURT: No, sir. This is set for today.

Counsel for the defense then called Becky Pope, appellant's probation officer, to the witness stand. The entire probation department file on appellant was admitted into evidence. Ms. Pope testified that appellant had reported once a month since August, 1985; that the fine assessed had been paid in full; that he had participated in a community service program at the Y.M.C.A.; that the two urinalysis tests performed on him had been negative for alcohol or any controlled substances.

After hearing the arguments of counsel, the court made the following findings on the record:

THE COURT: The court finds there is a waiver of a presentence investigation in this case and further finds there is sufficient evidence in this record to allow this court to exercise its discretion and impose sentence in this case.

The court, Mr. McClendon, having considered the evidence at this phase of the proceedings assess your confinement in the Texas Department of Corrections for a term of six years.

Tex.Code Crim.Pro.Ann. art. 42.12 § 4 (Vernon Supp.1989) reads, in pertinent part:

(a) Except as provided by Subsections (b) and (h) of this section, prior to the imposition of sentence by the court in a criminal case the court shall direct a probation officer to report to the court in writing on the circumstances of the offense with which the defendant is charged, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the court.

(b) The court is not required to direct a probation officer to prepare a report if:
(1) the defendant requests that a report not be made and the court agrees to the request; or
(2) the court finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the court explains this finding on the record.

Appellant submits the 1985 waiver was not applicable to the 1989 punishment hearing. We disagree.

■ An adjudication of guilt is different from a revocation of ordinary probation. Because the accused has never been found guilty of having committed the initial offense, the adjudication of guilt is part and parcel of the original plea proceeding, regardless of the amount of time intervening. This is apparent from Tex.Code Crim.Pro. Ann. art. 42.12 § 3d(b) (Vernon Supp.1989) which reads, in relevant part:

*After an adjudication of guilt, all proceedings,* including assessment of punishment, pronouncement of sentence, granting of probation, and defendant's appeal *continue as if the adjudication of guilt had not been deferred.* [Emphasis added.]

Thus, by the very nature of deferred adjudication, itself, an accused's waiver of a presentence investigation report should apply to the punishment hearing whenever it is held.

Appellant also asserts the trial judge did not "explain" on the record his finding that there was sufficient information to assess punishment without a presentence investigation report. *See* Article 42.-12 § 4(b)(2) supra.

The trial judge stated, prior to assessing punishment:

> The court finds there is a waiver of a presentence investigation in this case and further finds there is sufficient evidence in this record to allow this court to exercise its discretion and impose sentence in this case.

This statement was almost identical to the one in *Steens v. State*, 681 S.W.2d 767 (Tex.App.—Houston [14th Dist] 1984, no pet.). In affirming the conviction in that case, this court wrote:

> The term "explain" should not be construed as requiring the judge to state for the record all the factors which enter into his consideration. *Steens v. State*, at 769.

We find that the trial court did not abuse its discretion in not ordering a presentence investigation report to be made. At the time the trial judge sentenced appellant, he had a great deal of information about appellant available for his consideration. Appellant's entire probation file, which spanned the period of time from July, 1985, to the hearing date in February, 1989, was in evidence. He also heard the testimony of the probation officer. Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.