**Darrell GRIFFITH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–03–00176–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

April 29, 2004.

Randall J. Ayers, Houston, TX, for appellants.

William J. Delmore, III, Houston, TX, for appellees.

Panel consists of Justices FOWLER, EDELMAN, and SEYMORE.

## OPINION

WANDA McKEE FOWLER, Justice.

Appellant pleaded guilty to the felony offense of possessing a weapon on a premise licensed to sell alcohol. At the plea proceeding, appellant waived his right to the preparation of a presentence investigation (PSI) report. The trial court deferred adjudication and placed appellant on three years' community supervision. The State later moved to adjudicate appellant's guilt. At the adjudication hearing, appellant requested the preparation of a PSI report, which the court denied. The court found appellant guilty and sentenced him to four years' confinement in the Texas Department of Justice, Institutional Division. In one point of error, appellant contends the trial court erred when it denied his request for a PSI report. We affirm.

## ANALYSIS

■ As appellant acknowledges, we have previously held that the waiver of a PSI report at a plea proceeding also applies to the punishment hearing. *See McClendon v. State,* 784 S.W.2d 711, 713 (Tex.App.-Houston [14th Dist.] 1990, pet.

ref'd); *see also Daniel v. State*, 877 S.W.2d 75, 77 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd). However, he claims that we should reverse our holding in *McClendon* in light of the more recent Court of Criminal Appeals' opinion, *Whitelaw v. State*, 29 S.W.3d 129 (Tex.Crim.App.2000).

In *Whitelaw*, the Court of Criminal Appeals examined an apparent conflict between articles 37.07 and 42.12 of the Texas Code of Criminal Procedure. *Id.* at 130–34. Article 37.07 appears to give the trial court discretion to order a PSI report, while article 42.12 makes a PSI report mandatory, absent certain exceptions. *Id.* at 132. The Court resolved the conflict by holding that article 42.12 would control because it was both more recent and more specific.[1] *Id.* at 134. Because article 42.12 controls, the Court held that "upon a defendant's timely request, in felony cases, a trial court must order preparation of a PSI [report]." *Id.* However, the Court did not consider the situation present in *McClendon* or *Daniel*, and its opinion did not mention, much less overrule, either opinion.

■ As the Court noted, article 42.12 provides that a PSI report is mandatory in felony cases when it is requested by a defendant, *id.*, and sometimes even when it is not requested, *id.* at 132 n. 13. *See also* Tex.Code Crim. Proc. art. 42.12, § 9(a), (g). Although article 42.12 provides for express waiver of a PSI report in misdemeanor cases, it makes no mention of express waiver of a PSI report in felony cases. *Compare* Tex.Code Crim. Proc. art. 42.12(b), (g). However, article 1.14 provides that "the defendant in a criminal prosecution for any offense may waive any rights secured him by law . . . ." Tex.Code Crim. Proc. art. 1.14(a). We therefore hold that a defendant is capable of expressly waiving his right to a PSI report. *Cf. Buchanan v. State*, 68 S.W.3d 136, 140 (Tex.App.-Texarkana 2001, no pet.) (holding that a defendant who did not object to the failure to order a PSI report in a felony case waived any complaint by inaction).

■ Having determined that the right to a PSI report may be expressly waived, we must determine whether a waiver at a plea proceeding continues to be valid at an adjudication hearing. Because *Whitelaw* did not address this issue, we see no reason to retreat from our reasoning in *McClendon* that the waiver continues to be valid. *See McClendon*, 784 S.W.2d at 713 ("Because the accused has never been found guilty of having committed the initial offense, the adjudication of guilt is part and parcel of the original plea proceeding, regardless of the amount of time intervening."); *see also Daniel*, 877 S.W.2d at 77 ("Because a plea proceeding and a later adjudication of guilt are essentially the same proceeding, it is as if the intervening time between the two proceedings had never passed.").

■ Finally, we must determine whether appellant effectively reasserted his right to a PSI report by requesting one after it had been waived. Some rights may be reasserted after waiver, such as the right to a jury trial, the right to remain silent during custodial interrogation, and the right to counsel at trial. *Marquez v. State*, 921 S.W.2d 217, 221–22 & n. 4 (Tex.Crim.App.1996). However, not every right may be reasserted; for example, the right to an appeal cannot be reasserted

---

1. We note that a material amendment to article 42.12 was also more recent than our decision in *McClendon*. *See Daniel*, 877 S.W.2d at 76–77. However, the *Daniel* court reached the same decision when considering the amended article 42.12. *Id.* at 77.

after it is waived.[2] *See Monreal v. State,* 99 S.W.3d 615, 621 (Tex.Crim.App.2003). We believe the right to a PSI report falls within the category of rights which cannot be reasserted. As the Court noted in *Monreal,* the right to a jury trial, the right to remain silent, and the right to counsel are all constitutional rights. *Id.* at 621. The right to a PSI report, like the right to an appeal, is not a constitutional right.[3] Because the right to a PSI report is more similar to the right to an appeal than the aforementioned constitutional rights, we hold that it cannot be reasserted after being waived.

■ We therefore determine that our opinion in *McClendon* is still valid. Because *McClendon* is dispositive, we overrule appellant's only point of error.[4]

We affirm the judgment of the trial court.

**2.** A distinction exists between challenging the validity of a waiver of the right to an appeal and reasserting the right to an appeal after a valid waiver; the former is permissible while the latter is not. There is therefore no conflict between our decision here and our recent decision in *Tufele v. State,* 130 S.W.3d 267 (Tex.App.-Houston [14th Dist.] 2004, no pet.).

**3.** The Court of Criminal Appeals has not stated that whether a right is constitutional in nature determines whether it can be reasserted after being waived. *See Marquez,* 921 S.W.2d at 222 n. 4. The Court stated that even some constitutional rights cannot be reasserted after being waived. *Id.* However, constitu-

tionality is some indication as to whether a right may be waived. *Monreal,* 99 S.W.3d at 621.

**4.** We also do not see a conflict between *McClendon* and this opinion and the statement in *Whitelaw* that a trial court is required to order a PSI report even if the defendant does not request one. *See Whitelaw,* 29 S.W.3d at 132 n. 13. If the defendant is simply silent, saying nothing about a PSI report, a court must follow the mandate of article 42.12 and order a PSI report. Under article 42.12, silence is not equal to an affirmative waiver as we have here.