Darrell GRIFFITH, Appellant,

v.

The STATE of Texas.

No. PD–1121–04.

Court of Criminal Appeals of Texas.

June 29, 2005.

Randall J. Ayers, Houston, for Appellant.

Amanda Peters, Asst. District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

### OPINION

PRICE J., delivered the opinion of the Court, in which KELLER, P.J., MEYERS, WOMACK, JOHNSON, KEASLER, HERVEY, and COCHRAN, JJ., joined.

The appellant pled guilty without a plea bargain to unlawfully carrying a weapon on a premise that is licensed to sell alcohol,

a third-degree felony. The appellant expressly waived his right to the preparation of a presentence investigation (PSI) report. The trial court deferred adjudication of guilt and placed the appellant on community supervision. Later, the State filed a motion to adjudicate guilt. The trial court found one of the allegations in the motion true. After the trial court decided to proceed with adjudication and before sentencing, the appellant requested the preparation of a PSI report. The trial court denied the request and, after hearing evidence, sentenced the appellant to four years' imprisonment.

On direct appeal, the appellant complained that Code of Criminal Procedure Article 42.12, Section 9 required that the trial court have a PSI report prepared upon request. The Court of Appeals disagreed and affirmed the appellant's sentence.[1] It held that (1) the appellant may waive the preparation of a PSI report and (2) the waiver was effective for the sentencing proceedings.[2] We granted review to determine whether the Court of Appeals was correct in holding that the trial court did not err under these circumstances. We affirm the Court of Appeals because, based on the plain meaning of the language in Article 42.12, the appellant could waive his right to the PSI report during the initial plea proceedings and the waiver was effective for the sentencing proceedings.

## II. Analysis

■ To address the appellant's grounds for review, we will first review Article 42.12, Section 9. In interpreting a statute, we adhere to our cardinal rule of statutory construction: We interpret a statute in accordance with the plain meaning of its language, unless the language is ambiguous or the plain meaning leads to absurd results that the legislature could not possibly have intended.[3] In statutory interpretation, we try to give effect to the whole statute, which includes each word and phrase, if possible.[4]

### A. A Defendant May Waive the Preparation of a PSI Report

■ Section 9 directs the trial court to have a community-supervision officer prepare a PSI report before sentencing unless one of the enumerated exceptions apply.[5] The section provides that, unless requested by the defendant in a felony case, the trial court is *not* required to order the report prepared if

(1) punishment is to be assessed by a jury;

(2) the defendant is convicted of or enters a plea of guilty or nolo contendere to capital murder;

(3) the only available punishment is imprisonment; or

(4) the judge is informed that a plea bargain agreement exists, under which the defendant agrees to a punishment of imprisonment, and the judge intends to follow the agreement.[6]

1. *Griffith v. State,* 135 S.W.3d 337, 340 (Tex. App.-Houston [14th Dist.] 2004).

2. *Id.* at 339–40. The Court of Appeals also held that a defendant may not withdraw his waiver of the PSI report. Because the appellant does not challenge this holding, we will not address it.

3. *Boykin v. State,* 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

4. *Nguyen v. State,* 1 S.W.3d 694, 696 (Tex. Crim.App.1999).

5. Tex.Code Crim. Proc. Art. 42.12, § 9(a).

6. Tex.Code Crim. Proc. Art. 42.12, § 9(g).

In *Whitelaw v. State*, we interpreted this provision to mean that, in a felony case, the trial court should have a PSI report prepared (1) if the defendant or his attorney request it and (2) if the defendant is eligible for court-ordered community supervision, even if the defendant does not request it.[7]

The section provides two exceptions in a misdemeanor case (1) if the defendant requests that a report not be made and the judge agrees to the request and (2) if the judge finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the judge explains this finding on the record.[8] In a misdemeanor case, the trial court have a report prepared unless one of the two exceptions is met.

The appellant argues that these two subsections, when read together, mean that the preparation of a PSI report in a felony case may not be waived if the defendant is eligible for court-ordered community supervision. The Court of Appeals disagreed and cited Code of Criminal Procedure Article 1.14 for the proposition that "the defendant in a criminal prosecution for any offense may waive any right secured to him by law ..."[9] We will address the appellant's argument.

Section 9 requires a PSI report more often in a felony case than in a misdemeanor case. But, there is nothing in Section 9 that prevents the defendant in a felony case from waiving the preparation of the report. Because the legislature did not address this in Section 9, Article 1.14 controls and allows a defendant to waive the preparation of the report. We hold that a defendant in a felony case may waive his right to the preparation of a PSI report, even when he is eligible for community supervision.

The appellant in this case waived his right to the report during his initial plea. We must determine whether that waiver was effective for the sentencing proceedings.

### B. The Appellant's Waiver Was Effective During the Sentencing Proceedings

■ The Court of Appeals held that the appellant's waiver continued and was effective during the sentencing proceedings. It relied on its holding in *McClendon v. State*.[10] In that case, the Court of Appeals held that, because adjudication proceedings are a continuation of the initial plea proceedings in which the trial court deferred adjudication, a valid waiver of the PSI report at that time continues throughout the later proceedings.[11] *McClendon* predated legislative changes that we addressed in *Whitelaw*. The Court of Appeals concluded that, because we did not address deferred adjudication cases in *Whitelaw*, there was no reason to retreat from its prior holding in *McClendon*.[12]

The appellant acknowledges the Court of Appeals's holding in *McClendon*, but argues that the legislative changes and *Whitelaw* call *McClendon* into question. He also attempts to distinguish *McClendon* on the basis that the trial court in that

7. *Whitelaw v. State*, 29 S.W.3d 129, 131–32 & n. 13 (Tex.Crim.App.2000).

8. Tex.Code Crim. Proc. Art. 42.12, § 9(b).

9. *Griffith*, 135 S.W.3d at 339 (citing Tex.Code Crim. Proc. Art. 1.14(a)).

10. 784 S.W.2d 711 (Tex.App.-Houston [14th Dist.] 1990, pet. ref'd).

11. *Id.* at 713. *Accord Daniel v. State*, 877 S.W.2d 75, 77 (Tex.App.-Houston [1st Dist.] 1994, pet. ref'd).

12. *Griffith*, 135 S.W.3d at 339.

case had a great deal of information to consider during punishment.[13]

The appellant argues that Section 9 requires that the trial court have the report prepared because he requested it. He cites *Buchanan v. State*,[14] in which the Texarkana Court of Appeals held that the trial court should have had a PSI report prepared prior to sentencing and after adjudication because none of the exceptions in Section 9 applied in the case.[15]

We note that the appellant's reliance on *Buchanan* is misplaced because there is no indication that the defendant in that case waived his right to a PSI report during the initial plea proceedings.[16] The issue in the appellant's case is what effect, if any, the appellant's waiver had on the appellant's later request for the report. *Buchanan* is not persuasive authority that applies to the facts in the appellant's case.

The State argues that *Whitelaw* does not apply to the appellant's case because it does not address or purport to overrule the line of cases dealing with deferred adjudication proceedings. The State cites cases from four of the Courts of Appeals that have explicitly addressed the issue and have held that a request for a PSI in the context of a felony adjudication hearing is different than in traditional felony proceedings.[17] According to the State, the reasoning in those cases follows the rea-

soning of the Court of Appeals in this case. These cases predate our opinion in *Whitelaw*.

Once again, our inquiry begins with a review of Section 9. The relevant portion of Section 9 says that:

> Except as provided by Subsection (g) of this section, before the imposition of sentence by a judge in a felony case, ... the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. It is not necessary that the report contain a sentencing recommendation, but the report must contain a proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication.[18]

The statute directs the trial judge to have the report prepared *before* the imposition of the sentence. It also dictates that the report must contain a proposed plan for community supervision in the event that

---

13. *McClendon*, 784 S.W.2d at 714. In *Whitelaw*, we explained that the amount of information the trial court had received from a full punishment hearing did not exempt the trial court from Section 9's requirements, though it might have an impact on the finding of harm in the event that the trial court erred. *Whitelaw*, 29 S.W.3d at 132.

14. 68 S.W.3d 136 (Tex.App.-Texarkana 2001, no pet.).

15. *Id.* at 139. The Court of Appeals also held that Buchanan did not preserve error and that he was not harmed. *Id.* at 140.

16. *Id.* at 138.

17. The State cites *Fisher v. State*, Nos. 05–96–01968–CR & 05–96–01969–CR, 1999 WL 652499, 1999 Tex.App. LEXIS 6483, (Tex. App.-Dallas 1999, no pet.) (not designated for publication); *Guzman v. State*, 923 S.W.2d 792, 798 (Tex.App.-Corpus Christi 1996, no pet.); *Daniel*, 877 S.W.2d at 76–77; *McClendon*, 784 S.W.2d at 711.

18. Tex.Code Crim Proc Art. 42.12, § 9(a).

the trial court suspends the defendant's sentence and places him on community supervision. We must interpret this section in the context of all of Article 42.12.

Strictly speaking, when the trial court defers adjudication and places the defendant on community supervision, it has not imposed a sentence, even though the defendant is placed on community supervision. According to Article 42.12, Section 5(b), the case stops just before the trial court finds the defendant guilty.[19] "After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision and defendant's appeal continue as if the adjudication of guilt had not been deferred."[20] The sentence is imposed only after the trial court revokes deferred-adjudication community supervision and adjudicates the defendant guilty.[21] Functionally, it is all one proceeding, and if the trial court decides to adjudicate guilt, the proceedings continue as if no time had elapsed between the plea and the sentencing.

In *Whitelaw*, we held that the legislature's changes to Article 42.12, Section 9 indicated that the trial courts were required in felony cases to have a PSI prepared unless one of the statutory exceptions applied.[22] These changes did not affect the nature of deferred adjudication proceedings, however.

We agree with the Court of Appeals in this case. Because the initial plea and the adjudication and sentencing were really one legal proceeding, the appellant's waiver continued to be effective. This interpretation is not ambiguous and does not produce absurd results. The legislature did not require a PSI report every time

there is an option to place a defendant on community supervision, and it is not an absurd result that a defendant's waiver in one portion of a single proceeding remain in effect during another part of the proceeding. We hold that the appellant's waiver remained effective after adjudication occurred.

We are mindful that a new PSI report when a defendant is eligible for regular community supervision (upon revocation of deferred adjudication community supervision) would probably be helpful to the trial court in assessing punishment. A defendant may be put on deferred-adjudication community supervision for a period of up to ten years. A lot can happen during that time, and it would be helpful for the trial court to have information to determine whether community-based options are appropriate in a given case.

We want to make clear that we are not holding that the trial court was unauthorized to have a PSI report prepared in this case. We are holding that the plain meaning of the language of Section 9, when read in the context of the entirety of Article 42.12, does not require that the trial court have a report prepared under the circumstances of this case.

## III. Conclusion

We conclude that the Court of Appeals was correct in holding that the trial court did not err in this case. We affirm the judgment of the Court of Appeals.

COCHRAN, J., filed a concurring opinion.

HOLCOMB, J., filed a dissenting opinion.

---

**19.** *Taylor v. State*, 131 S.W.3d 497, 500 (Tex. Crim.App.2004).

**20.** Tex.Code Crim. Proc. Art. 42.12, § 5(b).

**21.** *Ibid.*

**22.** *Whitelaw*, 29 S.W.3d at 134.

COCHRAN, J., concurring.

I join the majority opinion. I add these comments only to suggest that the defendant at a motion to adjudicate or motion to revoke probation hearing normally does not need a presentence investigation (PSI) report. The probation officer will almost always be a testifying witness in the courtroom.[1] All of the topics that might usefully be included in a written PSI may be addressed by the probation officer on the witness stand. Additional evidence may be offered by the live testimony of defense witnesses or the defendant.

Article 42.12, section 9, of the Texas Code of Criminal Procedure sets out the topics *that should* be addressed in a written PSI report:

- the circumstances of the underlying offense;

- the amount of restitution;

- the criminal and social history of the defendant;

- any other information relating to the defendant or the offense requested by the judge;

- a description of community supervision programs and *sanctions* available to the defendant.

These topics may be fully addressed by the probation officer and other witnesses who are all subject to cross-examination and appropriate inquiry by the trial court during a motion to adjudicate hearing.

A defendant is entitled to present mitigating evidence during the hearing on the motion to adjudicate.[2] If a defendant wishes to present any evidence that would normally be included in a PSI report, this is the time and place to do so.

In this case, appellant expressly waived his statutory right to a written PSI report during the original plea hearing. He did not, however, thereby waive his right to present mitigating evidence, including the type of information normally included in a PSI report, during the motion to adjudicate hearing. But appellant does not argue or demonstrate that the trial court prevented him from offering any such testimony at the hearing. With these comments I join the majority opinion.

HOLCOMB, J., dissenting.

I respectfully dissent. I would hold that the trial court erred in not ordering preparation of a presentence investigation report (PSI), that appellant's request for a PSI preserved the trial court's error for appellate review, and that this case should

---

1. The defendant may always issue a subpoena to ensure that the probation officer is present with his file and prepared to testify to the defendant's probation record and suitability for community-based programs.

2. *See Duhart v. State*, 668 S.W.2d 384, 387 (Tex.Crim.App.1984) ("Fairness would dictate that a defendant be accorded an opportunity to offer appropriate evidence in mitigation of punishment after the revocation of 'probation' and the adjudication of guilt and before the assessment of punishment if such evidence has not already been elicited during the proceedings, particularly if the defendant requests the opportunity"); *see also Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992) (*per curiam*) (holding that "when a

trial court finds that an accused has committed a violation as alleged by the State and adjudicates a previously deferred finding of guilt, the court must then conduct a second phase to determine punishment"; under art. 42.12, § 5(b), "the defendant is *entitled* to a punishment hearing after the adjudication of guilt, and the trial judge must allow the accused the opportunity to present evidence") (emphasis in original); *but see Hardeman v. State*, 1 S.W.3d 689, 690–91 (Tex.Crim.App. 1999) (stating that *Issa* does not require a separate sentencing hearing after a defendant's guilt has been adjudicated if the defendant was provided an opportunity during the adjudication hearing to present mitigating evidence).

be remanded to the court of appeals for a harm analysis.

The relevant facts are as follows. On June 6, 2001, a Harris County grand jury presented an indictment that charged appellant with unlawfully carrying a weapon on premises where alcoholic beverages were sold. *See* Tex. Pen.Code § 46.02. The offense alleged was a third-degree felony. On August 17, 2001, appellant pled guilty to the offense alleged, and on that same day the trial court deferred an adjudication of guilt and placed appellant on community supervision for three years. *See* Tex.Code Crim. Proc. art. 42.12, § 5(a). At the time appellant pled guilty, he purported, in writing, to "waive any right" that he might have to the preparation of a PSI. *See* Clerk's Record at 12.

On June 6, 2002, the State filed a motion to revoke appellant's community supervision and adjudicate his guilt of the primary offense. In its motion, the State alleged that appellant had violated the terms of his community supervision by, among other things, unlawfully possessing a controlled substance. On January 27, 2003, the trial court heard evidence on the State's motion and found that appellant had, in fact, violated the terms of his community supervision. Immediately thereafter, appellant requested the preparation of a PSI, but the trial court denied the request without providing a clear explanation for the denial.[1] Immediately after that, the trial court adjudicated appellant guilty of the primary offense and sentenced him to imprisonment for four years.

On direct appeal, appellant, citing Article 42.12, § 9, of the Texas Code of Crimi-

nal Procedure, argued that the trial court erred in denying his request for a PSI:

> The Texas Code of Criminal Procedure clearly requires that before the imposition of sentence in a felony case, a PSI report must be prepared and submitted to the trial judge for consideration. The only time such a report is not required to be prepared [in a felony case] is when it is not requested by the defendant *and* either punishment is to be assessed by a jury, *or* in a capital murder case, *or* when the only available punishment is imprisonment, *or* where there is a plea bargain for imprisonment which the judge intends to follow. Significantly, while a defendant may statutorily waive the preparation of a PSI report in a misdemeanor case, no such waiver is provided in a felony case.

(Emphasis in original; citations omitted.)

The Fourteenth Court of Appeals rejected appellant's argument, holding that, in accordance with Article 1.14 of the Texas Code of Criminal Procedure, he "waived his right" to a PSI at the August 17, 2001, plea proceeding and that that waiver "also applie[d] to the [January 27, 2003] punishment hearing." *Griffith v. State,* 135 S.W.3d 337, 338 (Tex.App.-Houston [14th Dist.] 2004). This Court now affirms the court of appeals' holding and reasoning.

I agree with appellant and conclude that the trial court erred in denying the request for a PSI that he made at the January 27, 2003, hearing. Appellant never "waived" his "right" to a PSI. By its plain terms, Article 42.12, § 9, does not create a "right" that can be "waived" by a criminal defendant. Rather, the article is a directive from the Legislature to trial courts

---

1. The relevant portion of the hearing on the motion to adjudicate proceeded as follows:
   Defense Counsel: We would request a PSI. The court does have discretion to grant one.
   The State: State is opposed, Your Honor.

Trial Court: I think that's probably inappropriate with the number of matters we had and the fact that the earlier times [sic], so I would decline that request for a PSI at this time.

that PSI's are mandatory in felony cases except in very limited circumstances, none of which apply to this case. Indeed, under the article, a defendant in a felony case can not even request that a PSI not be made, although a defendant in a misdemeanor case can request that a PSI not be made. *See generally* G. Dix & R. Dawson, *Texas Practice: Criminal Practice and Procedure* §§ 38.177 (2d ed.2001). As we stated in *Whitelaw v. State,* 29 S.W.3d 129, 134, under Article 42.12, § 9, "a PSI is now mandatory in all criminal cases unless one of the statutory exceptions is satisfied, and for felony cases, no statutory exceptions apply if the defendant timely requests a PSI." Whether this is good public policy is not for us to decide; it is the law.

In my view, the Legislature could not have been clearer when it drafted Article 42.12, § 9. I think we have to follow the statute as written. Because the majority does not do so, I respectfully dissent.