NO.
12-04-00295-CR

 

                     IN THE COURT
OF APPEALS 

 

          TWELFTH
COURT OF APPEALS DISTRICT

 

                                TYLER, TEXAS

DELBERT
RAY HICKS,                                 §                 APPEAL FROM THE 349TH

APPELLANT

 

V.                                                                         §                 JUDICIAL DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE                                                       §                 HOUSTON COUNTY, TEXAS

                                                                                                                                                           


                                                     MEMORANDUM
OPINION

Delbert
Ray Hicks appeals his conviction for injury to a child.  He entered a guilty plea and the trial court
sentenced him to ten years of imprisonment. 
In a single issue, Appellant asserts that the trial court erred by
sentencing him in the absence of a presentence investigation (PSI) report.  We affirm.

 

Background

On
July 17, 2003, Appellant pleaded guilty to the offense of injury to a
child.  He waived reading of the charging
instrument, time to file motions for new trial and in arrest of judgment,
appeal, preparation of a presentence report, and his right to a jury
trial.  The trial court found that the
evidence supported a finding of guilt and placed Appellant on deferred
adjudication probation.








On
August 19, 2004, a hearing was held on the State’s motion to proceed with
adjudication.  The court heard evidence
on the motion, adjudicated Appellant’s guilt, and immediately began the
sentencing phase.  Appellant responded
affirmatively when the trial court asked if he was ready for the punishment
phase.  When the court asked the parties
if they had additional testimony they would like to offer, the State offered
all testimony from the first phase of the trial but Appellant said he had
nothing to offer.  Each side presented
argument.  Then the State asked to
present photographs of the victim’s injuries or, alternatively, requested a PSI
that would include the photos.  Appellant
objected to the use of the photos, noted that the court had taken judicial
notice of the contents of the file, and asked the court “to go ahead and
proceed with sentencing.”  The court
sentenced Appellant without receiving the photos or ordering a PSI.

 

Presentence Investigation

In
his sole issue, Appellant asserts that the trial court erred in not ordering a
PSI.  He argues that he did not waive his
right to a PSI at the sentencing hearing, the State requested a PSI, the trial
court did not make a finding of a waiver, and the court conducted the
sentencing hearing without a PSI.

With
certain exceptions that are not applicable here, the Texas Code of Criminal
Procedure requires the trial court to direct a supervision officer to prepare a
PSI before the imposition of sentence.  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 9(a) (Vernon Supp. 2004-05).  This
right can be waived by the defendant.  Griffith
v. State, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005).  A waiver of a PSI signed at the original plea
hearing is still valid at the subsequent adjudication of guilt and assessment
of punishment.  Id. at 265.

Appellant
signed a written waiver of his right to a PSI report at the time he pleaded
guilty.  That waiver was still effective
at the time the trial court adjudicated guilt and assessed punishment.  Id.  Therefore, the trial court did not err in
assessing punishment in the absence of a PSI. 
We overrule Appellant’s sole issue.

 

Disposition

We
affirm the trial court’s judgment. 

    SAM GRIFFITH   

   Justice

 

Opinion delivered October 12,
2005.

Panel
consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

 

                                                           (DO
NOT PUBLISH)