In The



Court of Appeals



Ninth District of Texas at Beaumont



 __________________ 


 

NO. 09-06-035 CR


______________________


 

TIMOTHY WYMAN PACKARD, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 221st District Court


 Montgomery County, Texas 


Trial Cause No. 05-05-04876 CR 






MEMORANDUM OPINION
 Timothy Wyman Packard appeals the trial court's order sentencing him to thirty-five
years confinement in the Texas Department of Criminal Justice, Institutional Division, for
aggravated robbery. We affirm the trial court's judgment.

 Packard was indicted for aggravated robbery and credit/debit card abuse, and the
indictment alleged four enhancement paragraphs. He stipulated his guilt on the aggravated
robbery charge and the four enhancement paragraphs, and the State abandoned the
credit/debit card abuse charge as well as any effect of the enhancement paragraphs on the
range of punishment. Packard waived his right to the preparation and presentation of a
presentence investigation report. He entered his open plea to the trial court with no agreed
recommendation as to his punishment. After hearing evidence on punishment, the trial court
found him guilty of aggravated robbery and sentenced him to thirty-five years imprisonment. 
 Packard argues the trial court erred in failing to order a pre-sentence investigation
report in assessing his punishment pursuant to section 9, subsections (a), (h), and (i) of
Article 42.12 of the Texas Code of Criminal Procedure. Section 9(a) provides the following:

 Except as provided by Subsection (g) of his section, before the imposition of
sentence by a judge in a felony case, . . . the judge shall direct a supervision
officer to report to the judge in writing on the circumstances of the offense
with which the defendant is charged, the amount of restitution necessary to
adequately compensate a victim of the offense, the criminal and social history
of the defendant, and any other information relating to the defendant or the
offense requested by the judge. . . . [T]he report must contain a proposed client
supervision plan describing programs and sanctions that the community
supervision and corrections department would provide the defendant if the
judge suspended the imposition of the sentence or granted deferred
adjudication. 


Tex. Code Crim. Proc. Ann. art. 42.12, § 9(a) (Vernon Supp. 2006). (1) 

 In Griffith v. State, the Texas Court of Criminal Appeals held that "there is nothing
in Section 9 that prevents the defendant in a felony case from waiving the preparation of the
[presentence investigation] report." Griffith v. State, 166 S.W.3d 261, 263 (Tex. Crim. App.
2005). Packard waived his right to the report in writing as part of his guilty plea. 

 Packard maintains his written waiver as to the presentence investigation report does
not waive his right if subsection (h) or subsection (i) of section 9 applies. Subsection (h)
mandates that a substance abuse evaluation be conducted when the trial court determines
alcohol or drug abuse may have contributed to the commission of the crime. It is not
apparent from the record that the trial court made this determination. Section (i) states the
following:

 A presentence investigation conducted on any defendant convicted of a felony
offense who appears to the judge through its own observation or on suggestion
of a party to have a mental impairment shall include a psychological evaluation
which determines, at a minimum, the defendant's IQ and adaptive behavior
score. The results of the evaluation shall be included in the report to the judge
as required by Subsection (a) of this section. 


Tex. Code Crim. Proc. Ann. art. 42.12, § 9(i)(Vernon Supp. 2006). This Court in
Holloman v. State held that section (i) merely requires a PSI to include a psychological
evaluation of a defendant if the trial court has previously ordered a PSI. Holloman v. State,
942 S.W.2d 773, 776 (Tex. App.--Beaumont 1997, no pet.). 

 Packard did not object to the trial court's failure to order a PSI during the punishment
phase of the trial and did not file a motion for new trial. Under Griffith, Packard's claim is
precluded because of his express waiver. Failure to raise an objection before the trial court
also precludes appellate review of his claim. (2) See Alberto v. State, 100 S.W.3d 528, 529
(Tex. App.--Texarkana 2003, no pet.)("[A] party must assert his or her right to a substance
abuse evaluation or it is waived."); Holloman, 942 S.W.2d at 776 ("[A]ny right to have a PSI
prepared prior to sentencing in a felony case [under subsection (i)] is a right forfeitable by
inaction."). 

 The trial court's judgment is affirmed.

 AFFIRMED. 


 ____________________________

 DAVID GAULTNEY

 Justice


Submitted on September 18, 2006

Opinion Delivered November 22, 2006 

Do Not Publish 


Before McKeithen, C.J., Gaultney and Horton, J.J.
1. No report is required in a felony case under section 9 if:

 (1) punishment is to be assessed by a jury;

 (2) the defendant is convicted of or enters a plea of guilty or nolo contendere
to capital murder;

 (3) the only available punishment is imprisonment; or

 (4) the judge is informed that a plea bargain agreement exists, under which the
defendant agrees to a punishment of imprisonment, and the judge intends to
follow the agreement.

Tex. Code Crim. Proc. Ann. art. 42.12, § 9(g)(Vernon Supp. 2006). In the trial court's
certification of Packard's right of appeal, the court characterized the case as "not a plea-bargain case" and granted Packard the right of appeal on punishment only. This certification
is not challenged by either party. 
2. Although Packard claims he requested the trial court to order a PSI at an earlier
hearing and the trial court denied the request, the record does not include any request.