



**MEMORANDUM OPINION**

No. 04-07-00730-CR

Cordero Alexander **LEYVA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 112th Judicial District Court, Sutton County, Texas
Trial Court No. 1978
Honorable Pedro Gomez, Judge Presiding

Opinion by:    Steven C. Hilbig, Justice

Sitting:       Catherine Stone, Justice
               Karen Angelini, Justice
               Steven C. Hilbig, Justice

Delivered and Filed:  June 25, 2008

AFFIRMED

Cordero Alexander Leyva pleaded guilty to aggravated assault with a deadly weapon. In accordance with Leyva's plea bargain agreement, the trial court deferred adjudication and placed Leyva on community supervision for ten years and fined him $2,000.00.  The State later filed a motion to adjudicate, alleging Leyva violated the terms of his community supervision by committing forgeries.  Leyva pleaded true to the allegation and, after a punishment hearing, the trial court

sentenced Leyva to nine years in the Texas Department of Criminal Justice–Institutional Division. Leyva appeals.

In his first issue, Leyva contends the trial court abused its discretion in failing to conduct an evidentiary hearing on Leyva's motion for new trial. We disagree. After sentence was imposed, Leyva filed a *pro se* letter stating he "would like to exercise my right to a new trial" and asking for an appeal and a court-appointed attorney. His court-appointed appellate attorney later filed an amended motion for new trial alleging that "[t]he verdict in this cause is contrary to the law and the evidence" and that the trial court has discretion to grant a new trial in the interests of justice. Neither motion is supported by affidavit.

A defendant is entitled to a hearing on a motion for new trial if the motion, supported by affidavits, raises a matter not determinable from the record and on which he could be entitled to relief. *Wallace v. State*, 106 S.W.3d 103, 108 (Tex. Crim. App. 2003); *Reyes v. State*, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). Leyva's *pro se* motion did not allege any ground for relief and counsel's motion raised a ground determinable from the record. *See Mizell v. State* 70 S.W.3d 156, 161-62 (Tex. App.–San Antonio 2002) (holding that allegation in motion for new trial that verdict is contrary to law and facts is matter determinable from the record), *affirmed*, 119 S.W.3d 804 (Tex. Crim. App. 2003). Accordingly, the trial court did not abuse its discretion in declining to hold an evidentiary hearing on the motion for new trial.

Leyva contends in his second issue that the trial court erred by failing to order a presentence investigation as required by article 42.12, section 9, of the Texas Code of Criminal Procedure. However, a defendant in a felony case may waive his right to the preparation of a presentence

investigation report. *Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005); *see* TEX. CODE CRIM. PROC. ANN. art. 1.14 (Vernon 2005) ("the defendant in a criminal prosecution for any offense may waive any right secured to him by law"). During his initial plea, Leyva waived his right to a presentence report. "Because the initial plea and the adjudication and sentencing were really one legal proceeding, the appellant's waiver continued to be effective." *Griffith*, 166 S.W.3d at 265. The trial court therefore did not err in failing to order a presentence investigation report.

The judgment of the trial court is affirmed.

Steven C. Hilbig, Justice

Do not publish