Affirmed and Memorandum Opinion filed April 21, 2011.



 



In The

 

Fourteenth Court of
Appeals

                                                                                          



NO. 14-10-00098-CR



 

Damion Faulkner, Appellant

V.

The State of Texas, Appellee

 



On Appeal from the 177th
District Court

Harris County, Texas

Trial Court Cause No. 1173547



 

MEMORANDUM  OPINION

 

Appellant Damion Faulkner appeals his conviction for
murder on the ground that the trial court erred in failing to order a
presentence investigation report prepared.  We affirm.

Appellant was indicted for the murder of his wife. 
He waived his right to a jury trial and entered a plea of guilty to the offense
as charged.  Appellant initialed and signed a waiver of his constitutional
rights, agreement to stipulate to the evidence, and judicial confession.  He
also initialed and signed several admonishments including the following:

I understand that before sentence may be imposed, the Court
must order preparation of a Presentence Investigation Report by the probation
officer pursuant to Article 42.12, Section 9, V.A.C.C.P.  I have thoroughly
discussed this matter with my attorney and believe that for the Court to compel
me to participate in the preparation of such a report would abridge the
protection provided me by the Constitution of the United States and the
Constitution and laws of the State of Texas and could result in further
prejudice to me.  Therefore, I hereby in writing respectfully decline to
participate in the preparation of a Presentence Investigation Report and
request that said report not be made prior to the imposition of sentence herein. 
I further knowingly, voluntarily, and intelligently waive any right which I may
have to the preparation of said report either under Article 42.12, Sec. 9,
V.A.C.C.P. or under Article 42.09, Sec. 8(a)(10), V.A.C.C.P.[.]

 

At appellant’s plea hearing, the State offered the
plea documents and the trial court asked appellant whether he understood the
document when he signed it.  Appellant responded that he did.  The trial court
further explained that appellant was giving up important rights including his
rights to a jury trial and to confront and cross-examine witnesses.  Appellant
explained that he understood the rights he was waiving and pleaded guilty. 
After hearing evidence on punishment the trial court found appellant guilty and
sentenced him to 62 years in prison.

For the first time on appeal appellant argues the
trial court erred in failing to order a presentence investigation report in
assessing his punishment pursuant to section 9 of article 42.12 of the Texas
Code of Criminal Procedure.  Section 9(a) provides:

Except as provided by Subsection (g) of this section,
before the imposition of sentence by a judge in a felony case, . . . the judge
shall direct a supervision officer to report to the judge in writing on the
circumstances of the offense with which the defendant is charged, the amount of
restitution necessary to adequately compensate a victim of the offense, the
criminal and social history of the defendant, and any other information
relating to the defendant or the offense requested by the judge.  It is not necessary
that the report contain a sentencing recommendation, but the report must
contain a proposed client supervision plan describing programs and sanctions
that the community supervision and corrections department would provide the
defendant if the judge suspended the imposition of the sentence or granted
deferred adjudication. 

Tex. Code Crim. Proc. Ann.
art. 42.12, § 9(a).

Subsection (g) provides:

A judge is not required to direct an officer to prepare a
presentence report in a felony case under this section if:

(1) punishment is to be assessed by a jury;

(2) the defendant is convicted of or enters a plea of
guilty or nolo contendere to capital murder;

(3) the only available punishment is imprisonment; or

(4) the judge is informed that a plea bargain agreement
exists, under which the defendant agrees to a punishment of imprisonment, and
the judge intends to follow the agreement.

Tex. Code Crim. Proc. Ann.
art.  42.12 § 9(g).

 

In Griffith v. State, the Texas Court of
Criminal Appeals held that “there is nothing in Section 9 that prevents the
defendant in a felony case from waiving the preparation of the [presentence
investigation] report.”  Griffith v. State, 166 S.W.3d 261, 263 (Tex. Crim.
App. 2005).  Appellant waived his right to the report in writing as part of his
guilty plea.

Appellant claims he did not knowingly waive his right
to a presentence investigation report.  Appellant’s contention, however, is not
supported by the record.  The record reflects that appellant signed and
initialed the document affirmatively waiving his right to a presentence
investigation report.  In open court at the time of his plea, he stated he
understood the document he signed and voluntarily pleaded guilty.  Further,
appellant did not object to the trial court’s failure to order a presentence
investigation report during the punishment hearing, nor did appellant file a
motion for new trial.  Failure to raise an objection before the trial court
also precludes appellate review of his claim.  See Alberto v. State, 100
S.W.3d 528, 529 (Tex. App.—Texarkana 2003, no pet.).  Because appellant waived
his right to a presentence investigation report, we overrule his sole issue.

The judgment of the trial court is affirmed.

 

                                                                                    PER
CURIAM

 

 

 

Panel consists of Chief Justice Hedges and Justices Frost and
Christopher.

Do Not Publish — Tex. R. App. P. 47.2(b).