# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00291-CR

**Dwight Eugene Davis, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF MILAM COUNTY, 20TH JUDICIAL DISTRICT
### NO. CR21,562, HONORABLE ED MAGRE, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In December 2007, Dwight Eugene Davis pleaded no contest to delivery of a controlled substance less than one gram. *See* Tex. Health & Safety Code Ann. § 481.114(a), (b) (West 2010). In accordance with the terms of a plea agreement, the trial court deferred adjudication of guilt and placed Davis on community supervision for one year. In May 2008, the State filed a motion to proceed with adjudication of guilt, and Davis pleaded true to all of the allegations in the motion. Although Davis expressly waived preparation of a presentence investigation ("PSI") report during the initial plea proceedings, the trial court ordered that an updated PSI report be prepared before sentencing. The updated PSI report was not completed because Davis did not submit to an interview, and Davis absconded before the sentencing hearing in July 2009. Davis turned himself in to authorities approximately nineteen months later, but when the case again proceeded to sentencing, Davis's court-appointed attorney neither requested an updated PSI report nor objected

to the sentencing hearing continuing without one having been prepared pursuant to the court's order. After a brief evidentiary hearing, the trial court sentenced Davis to two years' imprisonment, which is the maximum sentence available for his crime. *See id.*; Tex. Penal Code Ann. § 12.35 (West 2011). Davis's motion for new trial was overruled by operation of law.

On appeal, Davis contends that he was denied the effective assistance of counsel during the sentencing proceeding because his appointed trial counsel (1) failed to ensure that the court-ordered PSI report had been completed before his sentencing hearing and (2) failed to investigate and call character witnesses from Davis's Narcotics Anonymous ("N.A.") program in Houston, which he attended while fleeing from justice.[1] Davis contends that, but for counsel's deficient performance, he probably would have received a sentence of less than two years' imprisonment. We will affirm.

To establish that he received ineffective assistance of counsel, Davis must show that (1) counsel's performance fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Perez v. State*, 310 S.W.3d 890, 892-93 (Tex. Crim. App. 2010); *Branch v. State*, 335 S.W.3d 893, 904-05 (Tex. App.—Austin 2011, pet. ref'd). Merely showing that the alleged errors had some conceivable effect on the proceedings

---

[1] Davis does not contend that his trial counsel was ineffective for failing to *request* that an updated PSI report be prepared. *See* Tex. Code Crim. Proc. art. 42.12, § 9 (West Supp. 2011). Rather, Davis contends that counsel was ineffective for failing to ensure that the court-ordered PSI report had been completed. Any argument that he was entitled to a PSI report upon request would be foreclosed by the Texas Court of Criminal Appeals' opinion in *Griffith v. State*, 166 S.W.3d 261, 262 (Tex. Crim. App. 2005), which held that a defendant can waive the right to a PSI report during the initial plea proceedings and the wavier remains effective for the sentencing proceedings following revocation of community supervision.

will not suffice. *Strickland*, 466 U.S. at 693; *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011). The "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. In all cases, the "ultimate focus must be on the fundamental fairness of the proceeding." *Id.* at 696.

Assuming, without deciding, that counsel's performance was deficient and not motivated by sound trial strategy, we turn to the second prong of the *Strickland* inquiry, which requires us to consider whether counsel's allegedly deficient performance prejudiced Davis. Davis alleges that he would probably have received a lesser sentence if an updated PSI report had been prepared and character witnesses from his N.A. program had been called to testify about his recovery from drug addiction. We conclude that the record does not support the conclusion that Davis met the second prong of the *Strickland* test.

The record shows that Davis pleaded no contest to the drug charge and true to all the allegations in the motion to proceed with adjudication, including positive results for cocaine, repeatedly failing to report to his probation officer, failing to perform community service hours, and failing to pay court costs and probation fees. Significantly, it was undisputed that Davis knowingly failed to appear at the sentencing hearing in July 2009 and remained a fugitive until February 2011, when he voluntarily turned himself in to authorities. Davis testified that he absconded in order to continue doing drugs, because he was a drug addict, but turned himself in after getting off drugs and participating in the N.A. program for several months. Both Davis and a longtime friend, Jack Cooper, testified that Davis had made positive improvements in recovery from drug addiction, including participation in N.A., and that he was a skilled horse trainer and dentist, which provided

3

him an opportunity to earn an honest living. Trial counsel attempted to bolster Davis's and Cooper's testimony with reference letters from twelve members of Davis's N.A. program, and although those letters were excluded as hearsay, Davis cites no evidence that these witnesses could have given that was not duplicative of his and Cooper's testimony. Davis also has not cited any information that could have been disclosed in a PSI report that was not made available to the trial court at the sentencing hearing. Based on the foregoing, we cannot say that there is a reasonable probability that the outcome would have been different if trial counsel had ensured that an updated PSI report had been completed and had presented live testimony from additional character witnesses.

## CONCLUSION

We conclude that Davis has not established by a preponderance of the evidence that he was prejudiced by trial counsel's performance. Therefore, Davis has failed to demonstrate that he received ineffective assistance of counsel. Davis's sole issue on appeal is overruled, and the trial court's judgment is affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Henson

Affirmed

Filed:  August 9, 2012

Do Not Publish