

# IN THE
# TENTH COURT OF APPEALS

### No. 10-17-00382-CR

**KENNETH MORRIS JACKSON, II,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

From the 85th District Court
Brazos County, Texas
Trial Court No. 16-05706-CRF-85

## MEMORANDUM OPINION

In one issue, appellant, Kenneth Morris Jackson II, argues that the trial court erred

by denying his request for the preparation of a presentence investigation report ("PSI")

before assessing punishment. Because we conclude that appellant waived his right to a

PSI prior to the assessment of punishment, we affirm the judgment of the trial court.

## I.  BACKGROUND

Here, appellant was charged by indictment with theft of property—a "Game consol [sic]"—valued at less than $2,500 with two prior theft convictions.[1] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(D) (West Supp. 2017). The indictment referenced two of appellant's prior felony convictions for theft. Without the benefit of a plea bargain, appellant pleaded guilty to the charged offense and "true" to the two prior theft convictions. As part of his plea, appellant waived "the right to pre-sentence report and request that none be made." The trial court accepted appellant's pleas, found that appellant is guilty of the charged offense and that the two prior theft convictions are true, and proceeded to the punishment phase of trial.

Appellant requested that the trial judge assess punishment. At the end of the punishment hearing, after both the State and the defense had finished their final arguments, appellant requested a PSI. The trial court denied appellant's request, concluding that appellant had waived his right to a PSI when he pleaded guilty to the charged offense. Thereafter, the trial court assessed punishment at nineteen months' in the State Jail Division of the Texas Department of Criminal Justice and certified appellant's right to appeal "punishment only." This appeal followed.

---

[1] The evidence adduced at trial demonstrates that appellant stole a PlayStation 4 gaming console, which was ultimately pawned for $200.

Jackson v. State                                                                 Page 2

## II. ANALYSIS

In his sole issue on appeal, appellant asserts that the preparation of a PSI is mandatory and that none of the statutory exceptions are applicable in this case. Accordingly, appellant requests that we remand this matter to the trial court for a new punishment hearing with the benefit of a PSI.

> With certain exceptions that are not applicable here, the Texas Code of Criminal Procedure requires the trial court to direct a supervision officer to prepare a PSI before the imposition of sentence. . . . This right can be waived by the defendant. *Griffith v. State*, 166 S.W.3d 261, 263 (Tex. Crim. App. 2005). A waiver of a PSI signed at the original plea hearing is still valid at the subsequent adjudication of guilt and assessment of punishment. *Id.* at 265.

*Hicks v. State*, No. 12-04-00295-CR, 2005 Tex. App. LEXIS 8411, at **2-3 (Tex. App.—Tyler Oct. 12, 2005, no pet.) (mem. op., not designated for publication); *see, e.g., Adame v. State*, No. 01-11-00842-CR, 2012 Tex. App. LEXIS 6059, at **10-11 (Tex. App.—Houston [1st Dist.] July 26, 2012, pet. ref'd) (mem. op., not designated for publication).

As stated above, appellant signed a written waiver of his right to a PSI at the time he pleaded guilty to the charged offense. *See* TEX. CODE CRIM. PROC. ANN. art. 1.14(a) (West 2005) ("The defendant in a criminal prosecution for any offense may waive any rights secured to him by law except that a defendant in a capital felony case may waive the right of trial by jury only in the manner permitted by Article 1.13(b) of this code."). That waiver was still effective at the time the trial court adjudicated guilt and assessed punishment. *See id.; Griffith*, 166 S.W.3d at 265; *see also Adame*, 2012 Tex. App. LEXIS 6059,

at **10-11; *Hicks*, 2005 Tex. App. LEXIS 8411, at **2-3.  Therefore, we cannot say that the trial court erred in assessing punishment in the absence of a PSI.  *See Griffith*, 166 S.W.3d at 263-65; *see also Adame*, 2012 Tex. App. LEXIS 6059, at **10-11; *Hicks*, 2005 Tex. App. LEXIS 8411, at **2-3.  We overrule appellant's sole issue on appeal.

### III.    CONCLUSION

We affirm the judgment of the trial court.


AL SCOGGINS
Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 7, 2018
Do not publish
[CR25]

