**AFFIRM; and Opinion Filed October 18, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-18-00372-CR
No. 05-18-00373-CR
No. 05-18-00374-CR

**JONTE LAMAR HORTON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 363rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F17-24398-W, F17-24399-W & F17-24400-W**

## MEMORANDUM OPINION

Before Justices Lang, Fillmore, and Schenck
Opinion by Justice Fillmore

Jonte Lamar Horton was convicted of aggravated assault, aggravated robbery, and aggravated kidnapping and sentenced to twelve years' imprisonment in each case. In two points of error, Horton argues the trial court erred by neither reviewing the presentence investigation (PSI) report nor allowing the defense a chance to respond to the report. We affirm the trial court's judgments.

On two successive evenings, Horton unsuccessfully attempted to rob Huan Pham and Jawad Ali. Horton was charged with aggravated assault with respect to his attempt to rob Pham and with aggravated robbery and aggravated kidnapping with respect to his attempt to rob Ali. Without the benefit of a plea bargain, Horton pleaded guilty to all three charges, and the trial court

"passed" the cases for sentencing. While awaiting the sentencing hearing, Horton was interviewed by the "probation department" and a PSI report was evidently prepared.[1]

At a subsequent hearing, Horton informed the trial court that he was not guilty of the aggravated kidnapping of Ali, and the trial court granted Horton a new trial on the aggravated kidnapping charge. In a combined bench trial in all three cases, the trial court heard evidence relating to the kidnapping of Ali and relevant to punishment in all three cases, including mitigating evidence offered by Horton. The trial court found Horton guilty of all three charges and sentenced him to twelve years' imprisonment in each case.

Horton argues the trial court erred by not reviewing the PSI report and not allowing the defense to comment on the report. Unless certain exceptions apply, the trial court is required to direct a supervision officer to prepare a PSI report in a felony case. TEX. CODE CRIM. PROC. ANN. art. 42A.252(a), (c);[2] *Griffith v. State*, 166 S.W.3d 261, 262 (Tex. Crim. App. 2005). Unless waived by the defendant, at least forty-eight hours prior to the imposition of sentence, the trial court must permit the defendant or his counsel to read the PSI report. TEX. CODE CRIM. PROC. ANN. art. 42A.255(a). The trial court must also allow the defendant or his counsel to comment on the PSI report and, with the approval of the court, introduce testimony or other information alleging a factual inaccuracy in the report. *Id.* art. 42A.255(b). However, a complaint regarding the trial court's failure to comply with its statutory duties pertaining to a PSI report may be forfeited by inaction. *Wright v. State*, 873 S.W.2d 77, 83 (Tex. App.—Dallas 1994, pet. ref'd) (concluding complaints regarding trial court's failure to comply with statute requiring preparation and review of PSI report were subject to procedural default and could be forfeited by inaction); *see also*

---

[1] The PSI report is not in the appellate record; however, neither party disputes that one was prepared.

[2] Effective January 1, 2017, article 42.12 of the code of criminal procedure was re-codified as chapter 42A of the code of criminal procedure. *See* Act of May 26, 2015, 84th Leg., R.S., ch. 770, §§ 1.01, 4.02, 2015 Tex. Gen. Laws 2321, 2321–65. Because the statute was re-codified without substantive change, cases decided under the former article 42.12 remain applicable to our analysis.

*Griffith*, 166 S.W.3d at 263 (concluding defendant may waive right to preparation of PSI report required by article 41A.252).[3]

Horton did not object at trial that the trial court did not consider the PSI report or did not allow the defense to comment on the report. Horton, therefore, failed to preserve his complaints relating to the PSI report for appellate review. *See Wright*, 873 S.W.2d at 82–83; *see also* TEX. R. APP. P. 33.1(a) (before party can raise complaint on appeal, he must have objected in trial court and obtained ruling on objection).[4]

However, even if Horton had preserved his complaints, we would conclude he failed to identify any error by the trial court. "Where procedural requirements do not affirmatively appear in the record to have been violated, a presumption of regularity of the trial judge's ruling must prevail." *Jones v. State*, 646 S.W.2d 449, 449 (Tex. Crim. App. 1983) (per curiam); *see also Frame v. State*, 615 S.W.2d 766, 770 (Tex. Crim. App. [Panel Op.] 1981) (noting that, when record is silent, appellate court must presume compliance with procedural rules).[5] The burden is on the appellant to overcome the presumption. *Wright*, 873 S.W.2d at 80. In this case, there is no indication in the appellate record that the trial court did not review the contents of the PSI report or did not allow the defense to comment on the report. Rather, the record is simply silent on the matter. Accordingly, we must presume the trial court complied with the procedural requirements relating to the PSI report. *See id.*

---

[3] *See also Benitez v. State*, No. 05-14-00384-CR, 2015 WL 4550737, at *2 (Tex. App.—Dallas July 28, 2015, no pet.) (mem. op., not designated for publication) (concluding defendant waived complaint that he was never apprised of contents of PSI report because "complaints involving a presentencing investigation report are forfeitable by inaction"); *Evans v. State*, No. 11-09-00341-CR, 2011 WL 5994429, at *6 (Tex. App.—Eastland Nov. 30, 2011, pet. ref'd) (mem. op., not designated for publication) ("Courts have held that [statutory rights pertaining to PSI reports] are subject to waiver because they are in a category of rights that can be forfeited via 'procedural default.'").

[4] *See also McBride v. State*, No. 05-11-01727-CR, 2013 WL 363776, at *1 (Tex. App.—Dallas Jan. 31, 2013, no pet.) (mem. op., not designated for publication) (appellant waived any error by trial court in not allowing appellant opportunity to object to PSI report by failing to raise complaint in trial court); *Mitchell v. State*, No. 03-09-00643-CR, 2010 WL 5019123, at *2 (Tex. App.—Austin Dec. 8, 2010, no pet.) (mem. op., not designated for publication) (appellant waived complaint about any failure by trial court to review PSI report by failing to object in trial court).

[5] *See also Benitez*, 2015 WL 4550737, at *2.

We resolve Horton's two points of error against him and affirm the trial court's judgments.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

180372F.U05



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JONTE LAMAR HORTON, Appellant

No. 05-18-00372-CR         V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District
Court, Dallas County, Texas,
Trial Court Cause No. F17-24398-W.
Opinion delivered by Justice Fillmore,
Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JONTE LAMAR HORTON, Appellant

No. 05-18-00373-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F17-24399-W.
Opinion delivered by Justice Fillmore, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 18th day of October, 2018.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JONTE LAMAR HORTON, Appellant

No. 05-18-00374-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 363rd Judicial District Court, Dallas County, Texas,
Trial Court Cause No. F17-24400-W.
Opinion delivered by Justice Fillmore, Justices Lang and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 18th day of October, 2018.