Alan William WHITELAW, Appellant,

v.

The STATE of Texas.

No. 0352–00.

Court of Criminal Appeals of Texas.

Oct. 11, 2000.

George Scharmen, San Antonio, for appellant.

Eric Kugler, Asst. Dist. Atty., Houston, Matthew Paul, State's Atty., Austin, for State.

## OPINION

KELLER, J., delivered the unanimous opinion of the Court.

The issue in this case is whether a trial court is required by statute to order a presentence investigation report (PSI) in a felony case when the defendant requests one. We hold that the court is required to do so.

A jury found appellant guilty of felony theft. After the jury delivered its verdict, the following took place:

MR. LAMBRIGHT [defense counsel]: Judge, just for the record's sake, could I just at this point make my objection as to the presentence investigation?

THE COURT: Yes. Let the record show while the jury was deliberating, Mr. Lambright had requested that I order a presentence investigation, and I have declined to do so.

MR. LAMBRIGHT: And with regard to that, we would then object to the Court's ruling not granting my client a presentence investigation under 42.12 of the Code of Criminal Procedure.

THE COURT: All right. Thank you. See you all in the morning.

MS. McANULTY [prosecutor]: Just for purposes of the record, I would like to cite the case into the record that we did cite for the Court to for the proposition that it is within the Court's sound discretion whether or not to order a presentence investigation and the case cite is *Turcio v. State*, which can be found at 791 S.W.2d 180 [188].

The judge later sentenced appellant to sixty years imprisonment.

On appeal, appellant contended that the trial court erred in denying his request to order a PSI. Relying upon its earlier holdings in *Stancliff* and *Turcio*,[1] the Court of Appeals affirmed. We will reverse.

## I. THE RELEVANT ARGUMENTS

Appellant contends that ordering a PSI is mandatory under Article 42.12 when community supervision is an option at sen-

tencing and the defendant requests such a report. Appellant claims that the trial judge erred in refusing appellant's request to order a PSI in this case because he was in fact eligible for community supervision.

Relying upon the language of Article 42.12, § 9(g)(3), the State contends that the mandatory provisions of Article 42.12 do not apply to appellant because he was sentenced by the trial judge to more than ten years and was therefore ineligible for community supervision. The State further argues that a PSI was not necessary because appellant had a full punishment hearing, and as a result, such a report would be redundant.

The Court of Appeals' prior precedent held that ordering a PSI is a purely discretionary function, despite the language of Article 42.12.[2] In articulating that holding, *Stancliff* cited Article 37.07 and relied upon *Turcio*.[3] *Turcio* relied upon the Court of Appeals' previous decision in *Stewart*[4] and emphasized the use of the discretionary word "may" in Article 37.07, § 3(d).[5] *Stewart* relied upon our prior decision of *State ex. rel. Turner v. McDonald*[6] for the proposition that the PSI is solely a creature of probation law and is inapplicable when probation is not an option.[7] Stewart was ineligible for probation because the jury made a deadly weapon finding and sentencing was before the trial judge.[8]

## II. THE STATUTES

We turn to the statutes at issue. Article 37.07, § 3(d) appears to give a trial judge the discretion to order a PSI:

When the judge assesses the punishment, he *may* order an investigative re-

---

1. *Stancliff v. State*, 852 S.W.2d 639, 640 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd); *Turcio v. State*, 791 S.W.2d 188, 191 (Tex. App.—Houston [14th Dist.] 1990, pet. ref'd).

2. *Stancliff*, 852 S.W.2d at 640; *Turcio*, 791 S.W.2d at 191.

3. *Stancliff*, 852 S.W.2d at 640.

4. *Stewart v. State*, 732 S.W.2d 398 (Tex.App.— Houston [14th Dist.] 1987, no pet.).

5. *Turcio*, 791 S.W.2d at 191.

6. 676 S.W.2d 375 (Tex.Crim.App.1984).

7. *Stewart*, 732 S.W.2d at 401.

8. *Id.; see also* Article 42.12, § 3g(a)(2).

port as contemplated in Section 9 of Article 42.12 of this code and after considering the report, and after the hearing of the evidence hereinabove provided for, he shall forthwith announce his decision in open court as to the punishment to be assessed.[9]

On the other hand, Article 42.12, § 9 requires the trial judge to order a PSI subject to certain exceptions:

(a) *Except as provided by Subsection (g) of this section*, before the imposition of a sentence by a judge in a felony case, and except as provided by Subsection (b) of this section, before the imposition of sentence by a judge in a misdemeanor case the judge *shall* direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. It is not necessary that the report contain a sentencing recommendation, but the report must contain a proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication.

(b) The judge is not required to direct a supervision officer to prepare a report in a misdemeanor case if:

(1) the defendant requests that a report not be made and the judge agrees to the request; or

(2) the judge finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the judge explains this finding on the record.

* * *

(g) *Unless requested by the defendant*, a judge is not required to direct an officer to prepare a presentence report in a felony case under this section if:

(1) punishment is to be assessed by a jury;

(2) the defendant is convicted of or enters a plea of guilty or nolo contendere to capital murder;

(3) the only available punishment is imprisonment;

(4) the judge is informed that a plea bargain agreement exists, under which the defendant agrees to the punishment of imprisonment, and the judge intends to follow the agreement.[10]

## III. ANALYSIS

### A. General Principles

 In interpreting a statute, we adhere to our cardinal rule of statutory construction: We interpret a statute in accordance with the plain meaning of its language, unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended.[11] In conducting this plain meaning inquiry, "[w]e generally presume that every word in a statute has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible."[12]

### B. Imprisonment Exception

 The State's contention that an Article 42.12 PSI was not required because appellant was ineligible for community supervision is contrary to the statutory language. Article 42.12, § 9(g)(3) does

---

9. Article 37.07, § 3(d)(emphasis added).

10. Article 42.12, § 9 (emphasis added).

11. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim.App.1991).

12. *Rocha v. State*, 16 S.W.3d 1, 14 (Tex.Crim. App.2000); *State v. Hardy*, 963 S.W.2d 516, 520 (Tex.Crim.App.1997).

provide an exception to § 9's mandatory provisions when "the only available punishment is imprisonment." But (g)(3)'s applicability is limited by the first clause of subsection (g), which provides that the exceptions enumerated in subsection (g) apply "unless" the report is "requested by the defendant." Under the plain language of this clause and the remainder of § 9, a trial court is *always* required to order a PSI in a felony case when the defendant requests one, even when a defendant is *not* eligible for community supervision. In the present case, appellant requested a PSI while the jury was deliberating on the issue of guilt. The request was sufficient under the statute.[13]

### C. Alleged "Full Punishment Hearing" Exception

■ The State's next contention—that a PSI is not required if a full punishment hearing is conducted—is also inconsistent with the statutory language. Nowhere does § 9 provide for this proposed exception. Given that § 9 is a meticulous statute that details numerous exceptions to the PSI requirement, we see no reason to imply an exception that is not contained in the statutory text.

And in fact, the statute plainly forecloses any exceptions not contained therein. The first clause in § 9(a) states that subsection (g) provides the only exceptions to the statute for felony cases. Moreover, subsection (g) contains an exception that would ordinarily entail a "full punishment hearing"—(g)(1)'s exception when punishment is to be assessed by the jury. And even that exception is inapplicable when a PSI report is requested by the defendant. Further, a "full hearing" exception is arguably set out in exception (b)(2) for *misde-*

*meanor* cases—excepting a misdemeanor case from the mandatory PSI requirement if there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the judge explains this finding on the record. The fact that the defendant had a full punishment hearing may well impact whether the error was harmless, but conducting a full punishment hearing does not exempt a trial court from Article 42.12's PSI requirements.

### D. Interaction between Article 37.07 and Article 42.12

At first blush, the two statutes seem to conflict: Article 37.07 appears to give the trial judge discretion in ordering a PSI while Article 42.12 appears to require a PSI absent certain exceptions. This apparent conflict is easily resolved by an examination of prior versions of the statutes, their amendments, and surrounding caselaw.

Before 1983, Article 42.12 did not require a trial judge to order a PSI:

*When directed by the court,* a probation officer shall fully investigate and report to the court in writing the circumstances of the offense, criminal record, social history and present condition of the defendant. Whenever practicable, such investigation shall include a physical and mental examination of the defendant. Defendant, if not represented by counsel, counsel for defendant and counsel for the state shall be afforded an opportunity to see a copy of the report upon request. If a defendant is committed to any institution the probation officer shall send a report of such investigation to

---

13. Even if appellant had not requested a PSI, the trial court would have been required to order one because appellant was in fact eligible for community supervision. The contention that the only available punishment for appellant was imprisonment assumes that the availability of community supervision is determined *after* sentence has been assessed. But

that assumption runs contrary to the language of the statute. *See* 42.12, § 9(g)(1), (2), and (4). Subsection (g)(3) is aimed at circumstances other than those present here such as, for example, where there is a deadly weapon finding, which renders the defendant ineligible for court ordered community supervision, as was true in *Stewart.*

the institution at the time of commitment.[14]

At that time, Article 37.07 did not contain subsection (d) and made no reference to a PSI. In 1979, in a dissenting opinion in *Mason v. State,* Judge Clinton contended that the PSI was "a creature of the adult probation and parole law" and that Article 37 .07 did not authorize the use of a PSI in assessing a punishment of confinement.[15] He concluded that a trial court was not authorized to order a PSI in a guilty plea where the minimum punishment statutorily prescribed for the offense exceeded the maximum term of years that could be probated.[16] In 1981, the Legislature amended Article 37.07 to add § 3(d). That section is identical in all material respects to the current § 3(d).[17] We later recognized this addition to Article 37.07 to be a legislative response to Judge Clinton's dissenting opinion in *Mason.*[18] In *Jackson v. State,* we adopted Judge Clinton's *Mason* dissent and held that, *before the effective date of Article 37.07, § 3(d),* a trial judge was not authorized to use a PSI in determining the length of a sentence of imprisonment.[19] Of course, even before § 3(d)'s effective date, the trial court was empowered under Article 42.12 to consider a PSI for the purpose of determining whether the defendant should receive probation.[20]

In 1983, the Legislature amended the PSI provision in Article 42.12. In one amendment, the Legislature made ordering a PSI mandatory with certain exceptions:

> Except as provided in Subsection (b) of this section, in a criminal case the court *shall direct* a probation officer to report to the court in writing. . . . [21]

But that year the Legislature also enacted a different amendment relating to the evaluation of a defendant charged with driving while intoxicated.[22] This second amendment reenacted, without change, portions of the statute that were revised by the earlier amendment, and there were some numbering inconsistencies between the two amendments.[23] In *State ex. rel. Turner v. McDonald,* we observed that a literal reading of the earlier amendment would compel the conclusion that a PSI was required in every criminal case, regardless of whether the case was tried before the jury or the judge, unless certain conditions were met.[24] We stated that "neither the Legislature nor this Court has ever suggested that" a PSI "is relevant to routine imposition of a sentence."[25] Consequently, we found that the "broad mandate" found in the literal language of the earlier amendment "simply cannot be squared with the modest grant of discretionary authority reenacted" by the subsequent amendment.[26] Upon that reasoning, we held that the mandatory provision found in the earlier amendment was invalid and without effect.[27]

In 1985, in response to our decision, the Legislature amended Article 42.12 by add-

---

14. Article 42.12, § 4 (1979)(emphasis added).

15. *Mason v. State,* 604 S.W.2d 83, 87–90 ( Tex.Crim.App.1979)(Clinton, J. dissenting).

16. *Id.* at 90.

17. The only change in § 3(d) was a renumbering of its reference to Article 42.12 from § 4 to § 9 in accordance with the Legislature's renumbering of the latter section.

18. *McDonald,* 676 S.W.2d at 377 n. 3; *Jackson v. State,* 680 S.W.2d 809, 812 n. 3 (Tex. Crim.App.1984).

19. *Jackson,* 680 S.W.2d at 812–814.

20. *Id.* at 814.

21. *McDonald,* 676 S.W.2d at 376 (quoting a 1983 amendment to Article 42.12 § 4) (emphasis in *McDonald* ).

22. *McDonald,* 676 S.W.2d at 377.

23. *Id.* at 377–378.

24. *Id.* at 378.

25. *Id.*

26. *Id.*

27. *Id.* at 379.

ing, in the same bill, both the mandatory PSI provision and the DWI provision, with consistent numbering.[28] In another portion of the bill, the Legislature explicitly expressed its intent to overturn *State ex. rel. Turner v. McDonald:*

> The amendment of Section 4, Article 42.12, Code of Criminal Procedure, 1965, by Section 1 of this Act is intended to harmonize and give effect to the amendments made to that section by both Section 9 of Chapter 303 and Section 1 of Chapter 343, Acts of the 68th Legislature, Regular Session, 1983, and is intended to overcome a decision of the Texas Court of Criminal Appeals which gave effect to Chapter 303 and held provisions of Chapter 343 to be without effect.[29]

After the 1985 amendments, Article 42.12 required a PSI in "a criminal case" except when "(1) the defendant requests that a report not be made and the court agrees to the request; or (2) the court finds that there is sufficient information in the record to permit the meaningful exercise of sentencing discretion and the court explains this finding on the record."[30] In 1991, the Legislature changed the provision to eliminate any exceptions for felony cases:

> Before the imposition of sentence by the court in a felony case, and except as provided by Subsection (b) of this section, before the imposition of sentence by the court in a misdemeanor case the court shall direct a probation officer to report. . . . [31]

In 1993, the Legislature added the current subsection (g), containing the exceptions for felony cases in which a defendant does not request a PSI.

As the above discussion reveals, the discretionary provision found in Article 37.07, § 3(d) was enacted at a time when no requirement to order a PSI even existed.

The Legislature's later revisions of Article 42.12 make clear that a PSI is now mandatory in all criminal cases unless one of the statutory exceptions is satisfied, and for felony cases, no statutory exceptions apply if the defendant timely requests a PSI. Any ambiguity about whether the mandatory PSI requirement exists when probation is not an option was eliminated by the most recent legislative amendments which provided an exception to the PSI mandate when imprisonment was the only available punishment but removed that exception when the defendant requests a PSI. The Article 42.12 provisions are more specific and were enacted after the Article 37.07 provision. Denying effect to the Article 42.12 provisions in this case would render much of its language meaningless and is contrary to the Legislature's expressed intent.

The Fourteenth Court of Appeals' cases to the contrary trace their lineage back to *State ex. rel. Turner v. McDonald,* a case that was overturned by the Legislature. Those cases did not take into account the Legislature's overturning of *McDonald* through its subsequent amendments to Article 42.12. Moreover, those cases all predate the Legislature's most recent amendments to Article 42.12, § 9. We hold that upon a defendant's timely request, in felony cases, a trial court must order preparation of a PSI.

The trial court erred in failing to order a PSI in this case. The judgment of the Court of Appeals is reversed, and the case is remanded to the Court of Appeals for proceedings consistent with this opinion.

**28.** Acts 1985, 69th Leg., Reg. Session, Ch. 427, § 1, p. 1535–1536 (amending Article 42.12 § 4).

**29.** Acts 1985, Ch. 427, § 4(b), p. 1555.

**30.** Article 42.12, § 4(a) and (b)(1985).

**31.** Article 42.12, § 9(a)(1992)(ellipsis inserted).