IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00213-CV

 

In re Charlotte D. Oliver

 

 



Original Proceeding

 



DISSENTING Opinion










 

          This petition for writ of mandamus was
filed on April 29, 2005, requesting relief from being forced to trial on May 2,
2005.  A continuance had been requested, was not opposed, but was denied.  It
was the third continuance requested.

          There were two reasons given as the
need for a continuance.  The focus was primarily on the withdrawal of
petitioner’s expert witness from being willing to testify at trial.  The
specific timing of knowledge of the possibility of withdrawal and the ultimate
date of withdrawal, as well as the reason for withdrawal, were not disclosed.  

The other reason a continuance was sought was
that:

Respondent has failed to produce the relevant
financial records requested by Petitioner pursuant to her Request for
Production.  Additionally, Respondent has failed to supplement these records
despite a clear requirement to do so.  Petitioner has forwarded written correspondence
to Respondent in this regard but Respondent has still failed and refused to
produce the requested documents.  As such, it will be necessary to file and
hear a motion to compel in order that Petitioner shall have the relevant
financial records for the trial of this matter.

 

Petitioner’s
Motion for Continuance.

          “Discovery in this suit is governed by
a Level 2 discovery control plan.  The discovery period has ended.”  Id.

          On the merits – the trial court did
not abuse its discretion in denying the third motion for continuance when, even
if the expert had not become unavailable for testimony, the expert would not
have had the relevant information necessary to testify because discovery was
not completed timely.  The trial court is entitled to control its docket,
particularly if there is any indication of unnecessary delay.

          If I decided the merits, I would deny
the mandamus.

          But why are we reviewing the merits at
all?  Once the majority granted the temporary relief by staying the impending
trial, for all practical purposes they granted all the relief requested, thus
making moot the issue on the merits.

          For the foregoing reasons, I
respectfully dissent.

 

                                                          TOM
GRAY

                                                          Chief
Justice

 

Dissenting
opinion delivered and filed June 29, 2005






eption requirement of Rule 701.  Solomon v. State,
49 S.W.3d 356, 364 (Tex. Crim. App. 2001); Roberson, 100 S.W.3d at 39.

            The record reveals that January looked
at the video of the offense, still footage of the video, and blown up photos of
the video, and interviewed the victim and Swinnie to support his opinion that
he was convinced Swinnie was the person in the video.  Thus, his testimony
satisfies the perception prong.  As to the second prong, identity was an issue
in the case and January’s testimony was helpful for a determination of that
issue.  Further, it clarified earlier testimony on cross examination that
sometimes false confessions are made and gave an explanation as to why January
was convinced Swinnie was the person in the video.  The trial court did not
abuse its discretion in overruling the objection.  Swinnie’s first issue is
overruled.

            In his second issue, Swinnie complains
that the trial court erred in refusing his request to conduct a presentence
report and in refusing to order an evaluation for drug abuse rehabilitation. 
Swinnie argues that pursuant to art. 42.12, section 9(h) of the Code of
Criminal Procedure, he was entitled to a drug abuse rehabilitation evaluation. 
Tex. Code Crim. Proc. Ann. art
42.12, sec. 9(h) (Vernon Supp. 2007).  Subsection (h) provides in pertinent
part:  “On a determination by the judge that alcohol or drug abuse may have
contributed to the commission of the offense…, the judge shall direct a
supervision officer…to conduct an evaluation to determine the appropriateness
of, and a course of conduct necessary for, alcohol or drug rehabilitation for a
defendant and to report that evaluation to the judge.”  Id.  

            But Swinnie was not entitled to the
presentence report or the evaluation.  Section 9 of article 42.12 is devoted to
“Presentence Investigations.”  A trial judge must direct that a presentence
report be prepared “[e]xcept as provided by Subsection (g) of this section….”  Tex. Code Crim. Proc. Ann. art. 42.12,
sec. 9(a) (Vernon Supp. 2007).  Subsection (g) provides that “[a] judge is not
required to direct an officer to prepare a presentence report in a felony case
under this section if:  (3) the only available punishment is imprisonment[.]”  Id. sec. 9(g).  The only punishment available to Swinnie was imprisonment.  A
jury found Swinnie guilty of aggravated robbery.  See Tex. Penal Code Ann. § 29.03 (Vernon 2003). 
Swinnie then elected to have the trial court determine his punishment.  The
trial court could not place Swinnie on community supervision.  See Tex. Code Crim. Proc. Ann. art. 42.12, sec.
3g(a)(f) (Vernon Supp. 2007).  Therefore, the only punishment available to
Swinnie was imprisonment and a presentence report was not required.[1]

            Swinnie further argues, however, that
the right to the drug evaluation is not limited to probation eligible cases. 
We disagree.  Subsection (h) is an additional requirement to be added to a
presentence report as generally described in subsection (a).  And because in
Swinnie’s case the court is not required to order a presentence report, a drug
rehabilitation evaluation is also not required.  Any other reading of
subsection (h) would lead to an absurd result that the legislature could not
have intended.  See Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).

            Because the trial court was not
required to order a presentence report or drug rehabilitation evaluation, it
did not err in denying Swinnie’s request for the report and evaluation. 
Swinnie’s second issue is overruled.

            Having overruled each issue on appeal,
we affirm the trial court’s judgment.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

 

Before
Chief Justice Gray,

            Justice
Vance, and

            Justice
Reyna

            (Justice
Vance concurs in the judgment)

Affirmed

Opinion
delivered and filed February 20, 2008

Do
not publish

[CRPM]









[1] We
note that after the Court of Criminal Appeals’ decision in Whitelaw v. State,
29 S.W.3d 129, 132 (Tex. Crim. App. 2000), the legislature amended section 9(g)
to delete the requirement of a presentence report if requested by the
defendant.  See Acts 2005 79th Leg., ch. 500, § 1, eff. Sept. 1, 2005.