Opinion filed December 8, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 8, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-04-00118-CR

 

                                                    __________

 

                                DANA
MARIE MASCHINO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 35th District Court

 

                                                          Brown
County, Texas

 

                                                Trial
Court Cause No. CR 16,032

 



 

                                                                   O
P I N I O N

 

This is an appeal from a judgment adjudicating
guilt.  We affirm.

                                                      Proceedings
in the Trial Court








Dana Marie Maschino originally entered a plea of
guilty to the offense of delivery of marihuana. 
On February 11, 2002, the trial court admonished appellant, heard
testimony and the arguments of counsel, and reviewed the presentence
investigation report.  The trial court then
deferred the adjudication of guilt, placed appellant on community supervision
for 5 years, and assessed a $1,000 fine. 
On September 3, 2003, the State filed its motion to adjudicate guilt.  At the hearing on the State=s motion to adjudicate, appellant
entered pleas of true to two of the allegations that she had violated the terms
and conditions of her community supervision and pleas of not true to the
remaining ten allegations.  The trial
court found seven of the allegations to be true.  The trial court then revoked appellant=s community supervision, adjudicated
appellant=s guilt,
and imposed a sentence of confinement for one year in a state jail
facility.  Appellant filed a motion for
new trial on the grounds that a separate punishment hearing was not conducted.  In January 2004, the trial court granted a
motion for new trial as to punishment only and set the case for a hearing.  At the subsequent March 4, 2004 punishment
hearing, the trial court assessed her punishment at confinement for 12 months
in a state jail facility.

                                                                  Issue
on Appeal

In her sole issue on appeal, appellant contends
that the trial court erred in assessing her punishment without a new
presentence investigation report. 
Appellant argues that, under the case of Whitelaw v. State, 29
S.W.3d 129 (Tex.Cr.App.2000), reversible error occurred when the trial court
did not order a new presentence investigation report after revoking community
supervision and adjudicating guilt in 2003. 
We disagree.

                                                                Whitelaw
v. State

In Whitelaw, the defendant was on trial for
theft.  While the jury was deliberating
guilt/innocence, the defendant requested that the trial court order a
presentence investigation report.  The
trial court denied the request.  The
Court of Criminal Appeals held that, Aupon
a defendant=s timely
request, in felony cases, a trial court must order the preparation of a PSI.@ 
Whitelaw v. State, supra at 134.

                                                             Appellant=s Argument

Appellant asks this court to extend the holding in
Whitelaw to the facts of this case. 
We decline to do so.  








A presentence investigation report was prepared in
2002 and considered by the trial court when it deferred the adjudication of appellant=s guilt.  The same trial court that heard appellant=s original plea and decided to defer
the adjudication of guilt was the same trial court that considered the motion
to adjudicate, presided over the hearing on the motion for new trial, and
conducted the second punishment hearing. 
The trial court was familiar with the facts of this case and appellant=s contentions that her marihuana use
was for medicinal purposes.  See
Buchanan v. State, 68 S.W.3d 136, 140 (Tex.App. - Texarkana 2001, no pet=n).

Under the holding in Whitelaw, the trial
court did not err by failing to order a second presentence investigation
report.  The issue is overruled.

                                                               This
Court=s Ruling

The judgment of the trial court is affirmed.

 

TERRY McCALL

JUSTICE

 

December 8, 2005

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Strange, J.