NO.
12-05-00341-CR

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

JESSE EDWARD BASS,     §                      APPEAL
FROM THE 294TH

APPELLANT

 

V.        §                      JUDICIAL DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE   §                      VAN
ZANDT COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM OPINION

            Jesse Edward
Bass was convicted of felony driving while intoxicated, a third degree
felony.  In two issues, Appellant
challenges the factual sufficiency of the evidence to support his conviction
and the trial court’s failure to order a presentence report.  We affirm.

 

Background

            On September 1, 2004, Appellant was
arrested for driving while intoxicated in Van Zandt County, Texas and was
indicted on January 19, 2005.  The charge
was enhanced to a felony because Appellant had two prior convictions for driving
while intoxicated.  See Tex. Pen. Code Ann. § 49.09(b)
(Vernon Supp. 2005).  Appellant pleaded “not
guilty” and elected to have a jury decide his guilt or innocence.  Appellant stipulated to his two prior
convictions.








            At trial, the State first called
Aaron Shull, a City of Van police officer, to testify.  Officer Shull said that he received a
dispatch to look for a possible hit and run and was given a color, make, and
license number of a vehicle.  He saw a
vehicle matching that description on the service road to Interstate 20 and
pulled behind it, initiating his siren and flashing lights.  As he followed the vehicle, he witnessed it
driving through an intersection without stopping at a stop sign.  Officer Shull continued to follow the car,
which alternately went fast, then very slowly (three miles per hour), and was
weaving.  After following the vehicle for
approximately two miles, the vehicle stopped on the service road.  

            Officer Shull pulled in behind the
vehicle and instructed Appellant to turn off the ignition, throw the keys out
the window, and put his hands out the window. 
At first, Appellant did not obey the officer’s instructions.  Eventually, he turned off the ignition.  The officer then instructed Appellant multiple
times to exit the vehicle, but Appellant did not comply.  Officer Shull pulled him from the vehicle,
and he smelled a “very strong” odor of alcohol emanating from Appellant.  Appellant’s speech was slurred, and he was
having trouble walking, stumbling slightly. Officer Shull testified that he
believed Appellant had lost the normal use of his mental and physical faculties
and had been driving while intoxicated. 
Because the officer was out of the city limits, he phoned the sheriff’s
office to send a deputy or state trooper to the location.   

            The State next called Mike King, a
police officer for the City of Canton, to testify about the events he
witnessed.  Officer King was requested to
assist in locating an alleged hit and run driver.  After being notified that the suspected
vehicle had exited from the interstate, Officer King saw Officer Shull
attempting to stop it.  When he caught up
with them, they were headed eastbound, traveling at a very slow speed.  Officer King pulled to the left of Officer Shull
with his overhead lights and siren going. 
Appellant continued driving for approximately fifty yards, then pulled
to the right shoulder and stopped. 
Officer King’s testimony was essentially the same as Officer Shull’s –
Appellant smelled very strongly of alcohol, had glassy and bloodshot eyes, and
had slurred speech.  Appellant admitted
that he had been drinking.  He had
difficulty following the officers’ instructions and seemed oblivious to the
lights and sirens.  Officer King believed
that Appellant was intoxicated and had lost the normal use of his mental and
physical faculties.  

            Brady
Lunceford, a trooper with the Texas Department of Public Safety, who testified
for the State.  After receiving a
dispatch from Van Zandt County about a possible hit and run accident and
intoxicated driver, he drove to the location where Officers Shull and King had
stopped and detained Appellant. 
Appellant was sitting in the back seat of one of the squad cars.  After the other officers informed him of what
had happened, Trooper Lunceford approached Appellant.  As he opened the squad car door, he “was
basically knocked over by the smell of just the strong odor of alcoholic
beverage.”  He noticed that Appellant was
very unsteady on his feet and was having problems standing.  Appellant told Trooper Lunceford that he had
been drinking and that he had struck a vehicle, but was driving around trying
to find it.  Appellant’s eyes were red
and bloodshot.  He stumbled several times
while walking, and he almost fell once while standing still.  When Trooper Lunceford asked him to perform
field sobriety tests, Appellant asked “if it mattered.”  After Appellant refused to perform the field
sobriety tests and the breathalyzer test, Trooper Lunceford concluded that
Appellant was intoxicated based on the other information available to him and
arrested him.   

            After the trial court admitted
Appellant’s written stipulation to two prior DWI convictions, the State
rested.  Appellant called Peggy
Shinabarger, his girlfriend of six years, to testify.  She said that after working on September 1,
she came home around 5:00 p.m. to find Appellant cleaning up after doing yard
work.  He had been mowing the yard and
working on his car that day.  She
testified that Appellant had not been drinking when she got home.  Appellant left at 6:30 p.m. to drive to
Shreveport to visit his mother. At approximately 8:15 p.m., Appellant stopped
and called Shinabarger to let her know he was okay.  At that time, Appellant did not sound
intoxicated to Shinabarger.  She conceded
that Appellant had a history of alcohol abuse, but said he had been “working on
it.”  Shinabarger testified that
Appellant had never come home intoxicated in the six years they had been
together and that they did not keep alcohol in their house.  Appellant told her that he had been in a “little
small wreck, bump, but there was no damage.” 
She did not find any dents or scratches on the vehicle Appellant was
driving that night. 

             
At the conclusion of the guilt/innocence phase, the jury found Appellant
guilty as charged.  Because Appellant had
elected for the court to assess punishment if convicted, the trial court
released the jury.  During the punishment
phase, neither the State nor Appellant produced any evidence, but Appellant’s
counsel made a closing argument.  Without
ordering a presentence investigation report, the trial court sentenced
Appellant to ten years of imprisonment and assessed a $10,000.00 fine.  This appeal followed.

 

Sufficiency of the
Evidence

            In his first issue, Appellant challenges
the factual sufficiency of the evidence supporting his conviction.

Standard of
Review

            In conducting a factual sufficiency
review, we must first assume that the evidence is legally sufficient under the Jackson[1]
standard.  See Clewis v.
State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).  We then review all of the evidence, but not
in the light most favorable to the prosecution. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000).  We must determine whether a
neutral review of all the evidence, both for and against the challenged
finding, demonstrates that a rational juror could find guilt beyond a
reasonable doubt.  Zuniga v. State,
144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
Evidence is factually insufficient when evidence supporting the verdict,
considered by itself, is too weak to support the finding of guilty beyond a
reasonable doubt.  Id.  Evidence is also factually insufficient when
contrary evidence is so strong that the beyond a reasonable doubt burden of
proof could not have been met.  Id.
at 484-85.  In performing a factual
sufficiency review, we defer to the fact finder’s determinations, including
those involving the credibility and demeanor of witnesses.  Id. at 481.  The only question to be answered in a factual
sufficiency review is whether, considering the evidence in a neutral light, the
fact finder was rationally justified in finding guilt beyond a reasonable doubt.  Id. at 484.  

Discussion

            A person commits felony driving
while intoxicated if he operates a motor vehicle in a public place while
intoxicated and has been previously convicted at least twice for driving while
intoxicated.  See Tex. Pen. Code Ann. §§ 49.04,
49.09(b)(2) (Vernon Supp. 2005). 

            In addition to the evidence
previously recounted, the record includes some evidence that is favorable to
Appellant.  Officer Shull’s report did
not include  notations about Appellant “having
the strong odor of alcohol” or that Appellant refused to stop his vehicle for
approximately two miles after the officer initiated his sirens and lights.  Officer Shull did not find alcohol in
Appellant’s vehicle.  

            Officer King did not see Appellant
run the stop sign.  He said that
Appellant pulled his vehicle over to the shoulder of the road when he
stopped.  He did not see anything illegal
in Appellant’s vehicle.  Officer King
conceded that having the strong odor of alcohol does not necessarily mean that
Appellant was intoxicated.  

            Trooper Lunceford admitted that slurred
speech, the strong smell of alcohol, and red, bloodshot eyes do not necessarily
indicate intoxication.  He did not have
to assist Appellant out of the squad car when he first arrived on the scene
even though Appellant was handcuffed. 
Trooper Lunceford did not find the driver of the automobile that
Appellant allegedly struck.

            Appellant’s girlfriend testified
that Appellant had not been drinking when she arrived home at 5:00 p.m., nor
did he sound intoxicated at 8:15 when he phoned her.  She said that the vehicle Appellant was
driving that night had no visible damage to it. 
She testified that in the six years of their relationship, Appellant had
never come home intoxicated.  

            The jury accepted the State’s
version of the facts and found against Appellant.  In our evaluation, we should not
substantially intrude upon the jury’s role as the sole judge of the weight and
credibility of witness testimony.  See
Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App.
1997).  We have conducted a neutral
review of all the evidence, both for and against the finding.  The record does not reveal any evidence that
causes us to conclude that the proof of guilt is too weak to support the
finding of guilt beyond a reasonable doubt. 
Nor does the record reveal contrary evidence so strong that guilt cannot
be proven beyond a reasonable doubt. 
Therefore, we hold that the evidence is factually sufficient to support
the jury’s verdict.  Consequently, we
overrule Appellant’s first  issue.

 

Presentencing
Investigation Report

            On appeal, Appellant contends the
trial court erred in failing to order preparation of a presentence
investigation (PSI) report.   

Applicable Law

            The Texas Code of Criminal Procedure
provides as follows:

 

Except as provided by Subsection (g) of this section, before the
imposition of sentence by a judge in a felony case . . . the judge shall direct
a supervision officer to report to the judge in writing on the circumstances of
the offenses with which the defendant is charged, the amount of restitution
necessary to adequately compensate a victim of the offense, the criminal and
social history of the defendant, and any other information relating to the
defendant or the offense requested by the judge.

 

Tex. Code Crim. Proc. Ann. art. 42.12 §
9(a) (Vernon Supp. 2005).  Section 9(g)
provides that

 

[a] judge is not required to direct an officer to prepare a presentence
report in a felony case  under this
section if: (1) punishment is to be assessed by a jury; (2) the defendant is
convicted of or enters a plea of guilty or nolo contendere to capital murder;
(3) the only available punishment is imprisonment or (4) the judge is informed
that a plea bargain agreement exists, under which the defendant agrees to a
punishment of imprisonment, and the judge intends to follow the agreement.

 

 

Id. art. 42.12 § 9(g).

            In Whitelaw v. State,
29 S.W.3d 129, 134 (Tex. Crim. App. 2000), the court unanimously held that the
trial court must order preparation of a PSI report in a felony case when the
defendant requests one.  By its holding,
the court disapproved of cases holding that the trial court has discretion in
such cases to order preparation of a PSI report.  Id.  Whitelaw and the language of
Article 42.12, section 9 make it clear that the trial court must order a PSI
report unless the exceptions in section 9(g) apply.  Even then, if the defendant requests a PSI
report, the trial court must order that one be prepared.  Id. at 132.              

Analysis

            Initially, we note that Appellant
did not object to the trial court’s failure to order a PSI report or bring it
to the trial court’s attention either at the punishment hearing or in his
motion for new trial.  Error in failing
to order a PSI report is waived if the defendant fails to object to the failure
or bring the failure to the trial court’s attention.  See Buchanan v. State, 68
S.W.3d 136, 140 (Tex. App.–Texarkana 2001, no pet.).  However, even absent waiver, we conclude that
the result would not change.                                              

            In
the instant case, none of the exceptions in section 9(g) apply to
Appellant.   The trial court, not the
jury, sentenced Appellant; the defendant was convicted of a felony DWI, not
capital murder; probation was available to Appellant; and there was no plea
bargain.  Thus, the trial court was
required to order preparation of a PSI report. 
            

            Error in
failing to order the preparation of a PSI report is subject to a review for
harm.  See Whitelaw,
29 S.W.3d at 132.  Nonconstitutional
error is harmless if it did not affect the defendant’s substantial rights.  Tex.
R. App. P. 44.2(b).  A substantial
right is affected when the error had a substantial and injurious effect or
influence on the verdict.  King v.
State, 953 S.W.2d 266, 271 (Tex. Crim. App. 1997).  If, on the record as a whole, it appears the
error did not influence the verdict, or had but a slight effect, we must
consider the error harmless and allow the conviction to stand.  Johnson v. State, 967 S.W.2d
410, 417 (Tex. Crim. App. 1998). 

            The same judge
that assessed punishment presided at Appellant’s jury trial.  Thus, the trial court was familiar with
Appellant and the circumstances of the offense. 
On appeal, Appellant does not point to any information unavailable to
the trial court that would have been included in a PSI report.  Under these circumstances, we conclude that
the trial court’s error in failing to order the preparation of a PSI report had
no effect on the punishment assessed and is harmless.  Accordingly, we overrule Appellant’s second
issue.

 

Disposition

            Having overruled both of Appellant’s
issues, we affirm the judgment of the trial court.

 

 

                                                                                                   JAMES T. WORTHEN   

                                                                                                               Chief Justice

 

 

Opinion delivered July 31, 2006.

Panel
consisted of Worthen, C.J. and Griffith, J.

 

 

 

 

 

 

 

 

 

 

 

 

(DO
NOT PUBLISH)











[1] Jackson v.
Virginia, 443 U.S. 307, 99 S. Ct.
2781, 61 L. Ed. 2d 560 (1979).