NUMBERS 13-04-482-CR

 13-04-483-CR

 13-04-484-CR


COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG







FREDERICK PATTERSON
, Appellant,


v.



THE STATE OF TEXAS, Appellee.




On appeal from the 24th District Court


of Jackson County, Texas.





CONCURRING OPINION ON REHEARING



Before the Court En Banc


Concurring Opinion on Rehearing by Justice Castillo



 My understanding of the State's alternate counter-argument is that the statutes
are unambiguous and mutually exclusive. See Tex. Code Crim. Proc. Ann. arts. 38.14,
38.141 (Vernon 2005). I agree with the result reached under the standards espoused
with respect to our sufficiency review based on confidential informant and accomplice
witness testimony for the following reasons.

 We are authorized by Kitchens v. State, 823 S.W.2d 256, 258 (Tex. Crim. App.
1991) to affirm the judgment based on any legal theory supported by the evidence. 
Thus, we can affirm under either the confidential informant, or accomplice witness
rule, and so I find the State's argument meritorious. 

 To overturn a jury conviction because the State has adduced evidence from both
a confidential informant and an accomplice is not an intent the Legislature could have
intended and leads to an absurd result. (1) 

 Finally, in light of the evidence in this case viewed through the prism of either
the confidential informant or accomplice witness rules, it would be counterintuitive to
overturn the conviction in this case. 

 Accordingly, I disagree with the majority's analysis, but join it in the judgment. 
 ERRLINDA CASTILLO

 Justice


Concurring Opinion delivered and filed

this 26th day of October, 2006.

 

1. When interpreting a statute, we work to effectuate the collective intent of the legislature by
discerning the objecting meaning of the statute's literal text at the time of its enactment. Muniz v.
State, 851 S.W.2d 238, 244 (Tex. Crim. App. 1993). See also Tex. Gov't Code Ann. § 311.011
(Vernon 2005). We interpret a statute in accordance with the plain meaning of its language unless that
language is ambiguous or the plain meaning leads to absurd results that the Legislature could not
possibly have intended. Ex parte Graves, 70 S.W.3d 103, 114 (Tex. Crim. App. 2002) (citing Boykin
v. State, 818 S.W.2d 782, 785 (Tex. Crim. App.1991); Whitelaw v. State, 29 S.W.3d 129, 131 (Tex.
Crim. App. 2000)). If a statute may reasonably be interpreted in two different ways, and one
reasonable interpretation of a statute yields absurd results and another interpretation yields no such
absurdities, the latter interpretation should be preferred. Muniz, 851 S.W.2d at 244.