

## NUMBER 13-09-00474-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**JEFFERY JAY SOLIZ,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 117th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

### Before Justices Yañez, Garza, and Benavides
### Memorandum Opinion by Justice Garza

Appellant, Jeffery Jay Soliz, was convicted by a Nueces County jury of aggravated sexual assault, a first-degree felony, and was sentenced to thirty years' imprisonment. *See* TEX. PENAL CODE ANN. § 22.021 (Vernon Supp. 2010). By two issues on appeal, Soliz contends that: (1) the jury should have been instructed to decide whether aggravated sexual assault is a lesser included offense of the indicted offense; and (2) because the jury was not so instructed, his conviction is void. We affirm.

### I. BACKGROUND

On November 21, 2008, Soliz was indicted on one count of continuous sexual abuse of a young child, a first-degree felony. *See id.* § 21.02 (Vernon Supp. 2010). The indictment provided, in its entirety, as follows:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Nueces County, Texas, presents in the District Court of Nueces County, Texas, that **JEFFERY JAY SOLIZ**, defendant, did then and there in Nueces County, Texas, during a period that was 30 days or more in duration, to-wit:  on or about **NOVEMBER 1, 2007 through MAY 3, 2008**, when the defendant was 17 years of age or older, commit two or more acts of sexual abuse against [I.G.], a child younger than 14 years of age[,] said acts of sexual abuse having been violations of one or more of the following penal laws including:

Engaged in sexual contact with a child younger than 17 years of age and not the defendant's spouse, namely, any touching by the defendant, including touching through clothing, of any part of the genitals of [I.G.] with the intent to arouse or gratify the defendant's sexual desire,
AND/OR
Intentionally or knowingly contact or penetrate the genitals of [I.G.], a child younger than 14 years of age, by the defendant's finger,
AND/OR
Intentionally or knowingly did then and there with the intent to arouse or gratify the defendant's sexual desire, intentionally or knowingly engage in sexual contact with [I.G.] by toughing [sic] the genitals of [I.G.],
AND/OR
Intentionally or knowingly did then and there with the intent to arouse or gratify the defendant's sexual desire, intentionally or knowingly engage in sexual contact with [I.G.] by causing [I.G.] to touch the sexual organ of the defendant,

And each of the aforementioned acts of sexual abuse were committed on more than one occasion and, at the time of the commission of each of the acts of sexual abuse, the defendant was 17 years of age or older and [I.G.] was a child younger than 14 years of age and not the spouse of the defendant,

against the peace and dignity of the State.

After both parties rested their cases-in-chief at the guilt/innocence phase of trial, the trial court determined as a matter of law that aggravated sexual assault and indecency with a child are lesser included offenses of the greater offense of continuous sexual abuse of a young child.  *See id.* §§ 21.11 (Vernon Supp. 2010), 22.021; *see also* TEX. CODE CRIM. PROC. ANN. arts. 37.08, 37.09 (Vernon 2006).  The trial court also determined that there was some evidence adduced that would permit the jury to rationally conclude that, if Soliz is guilty, he is guilty only of aggravated sexual assault or indecency with a child. Consequently, the court's charge instructed the jury on all three offenses.[1]  *See Hall v.*

---

[1] Soliz did not object to the jury charge at the trial court.

2

*State*, 225 S.W.3d 524, 535-36 (Tex. Crim. App. 2007). The jury found Soliz not guilty of continuous sexual abuse of a child but guilty of aggravated sexual assault.[2] The trial court then sentenced Soliz to thirty years' imprisonment. This appeal followed.

## II. DISCUSSION

By his first issue on appeal, Soliz argues that the jury charge was erroneous because it did not ask the jury to determine whether aggravated sexual assault is a lesser included offense of continuous sexual abuse of a young child. According to Soliz, subsection 21.02(e)(3) of the penal code provides that the jury, not the court, must make that determination in order for a conviction to be obtained on a lesser included offense of continuous sexual abuse of a young child. We disagree.

When reviewing unobjected-to jury charge error, we first determine whether the charge was erroneous. *See Tolbert v. State*, 306 S.W.3d 776, 779 (Tex. Crim. App. 2010). If we determine that error occurred, we then consider whether the error caused egregious harm. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g). Egregious harm will be found only if the error deprived the defendant of a fair and impartial trial. *Ex parte Smith*, 309 S.W.3d 53, 63 (Tex. Crim. App. 2010) (citing *Almanza*, 686 S.W.2d at 171).

In a prosecution for an offense with lesser included offenses, the jury may find the defendant not guilty of the greater offense, but guilty of any lesser included offense. TEX. CODE CRIM. PROC. ANN. art. 37.08. An offense is a lesser included offense if:

    (1)    it is established by proof of the same or less than all the facts required to establish the commission of the offense charged;

    (2)    it differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property, or public interest suffices to establish its commission;

    (3)    it differs from the offense charged only in the respect that a less culpable mental state suffices to establish its commission; or

---

[2] Having found Soliz guilty of aggravated sexual assault, the jury—in accordance with the instructions given in the trial court's charge—did not consider whether he was guilty of indecency with a child.

3

> (4) it consists of an attempt to commit the offense charged or an otherwise included offense.

*Id.* art. 37.09. In *Hall v. State*, the Texas Court of Criminal Appeals set forth the proper procedure for determining whether to instruct the jury on a lesser included offense:

> The first step in the lesser-included-offense analysis, determining whether an offense is a lesser-included offense of the alleged offense, is a question of law. It does not depend on the evidence to be produced at the trial. It may be, and to provide notice to the defendant must be, capable of being performed before trial by comparing the elements of the offense as they are alleged in the indictment or information with the elements of the potential lesser-included offense.
>
> The evidence adduced at trial should remain an important part of the court's decision whether to charge the jury on lesser-included offenses. The second step in the analysis should ask whether there is evidence that supports giving the instruction to the jury. "A defendant is entitled to an instruction on a lesser-included offense where the proof for the offense charged includes the proof necessary to establish the lesser-included offense and there is some evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he is guilty only of the lesser-included offense." In this step of the analysis, anything more than a scintilla of evidence may be sufficient to entitle a defendant to a lesser charge. In other words, the evidence must establish the lesser-included offense as "a valid, rational alternative to the charged offense."

225 S.W.3d at 535-36 (footnotes and citations omitted). Under *Hall*, therefore, it is exclusively the responsibility of the trial court to determine as a matter of law whether, under code of criminal procedure article 37.09, an offense is properly considered a lesser included offense of the indicted offense. *See id.*

Soliz argues that, in his case, subsection 21.02(e) of the penal code explicitly supercedes the court of criminal appeals' opinion in *Hall*. Penal code section 21.02, which defines the crime of continuous sexual abuse of a young child, was enacted in 2007 as part of the Jessica Lunsford Act. Act of June 15, 2007, 80th Leg., R.S., ch. 593, § 1.17, 2007 TEX. SESS. LAW SERV. 1129-30 (codified at TEX. PENAL CODE ANN. § 21.02).[3] The

---

[3] The background and purpose of the legislation was set forth as follows:

> In 2005, 9-year-old Jessica Lunsford was abducted from her Florida home, sexually assaulted, and murdered by a convicted sex offender. Since then, states have been rallying to enact stricter penalties for sex crimes committed against children. . . . [The Act provides] more stringent measures to be used when dealing with persons who commit sexually violent offenses against children.

House Comm. on Criminal Jurisprudence, Bill Analysis, Tex. H.B. 8, 80th Leg., R.S. (2007).

statute provides that a person commits the offense of continuous sexual abuse of a young child if,

> (1) during a period that is 30 or more days in duration, the person commits two or more acts of sexual abuse, regardless of whether the acts of sexual abuse are committed against one or more victims; and
>
> (2) at the time of the commission of each of the acts of sexual abuse, the actor is 17 years of age or older and the victim is a child younger than 14 years of age.

TEX. PENAL CODE ANN. § 21.02(b). An "act of sexual abuse" includes indecency with a child, if committed in a manner other than by touching the breast of a child, and aggravated sexual assault. *Id.* § 21.02(c)(2), (c)(4). In order to convict a defendant of continuous sexual abuse of a young child, the jury need not agree unanimously on which specific acts of sexual abuse were committed by the defendant or the exact date when those acts were committed. *Id.* § 21.02(d). The jury must merely agree unanimously that the defendant, during a period that is thirty or more days in duration, committed two or more acts of sexual abuse. *Id.*[4]

Subsection (e) of the statute, which Soliz relies upon here, sets forth three situations where a defendant charged with continuous sexual abuse of a young child may be convicted of an individual offense of sexual abuse "in the same criminal action." *See id.* § 21.02(e). A defendant may be so convicted only where the individual offense: (1) is charged in the alternative; (2) occurred outside the period in which the continuous sexual abuse of a young child was alleged to have been committed; or (3) "is considered by the trier of fact to be a lesser included offense of" continuous sexual abuse of a young child.

---

[4] We note that several appellate courts, including this Court, have found that section 21.02 is constitutional, despite the fact that the statute does not require the jury to agree unanimously on which specific acts of sexual abuse were committed in order to convict. *See Reckert v. State*, No. 13-09-00179-CR, 2010 Tex. App. LEXIS 7002, at *30-34 (Tex. App.–Corpus Christi Aug. 26, 2010, no pet. h.) (holding in part "that the statute does not allow for a non-unanimous verdict on an essential element of the offense"); *Render v. State*, No. 05-09-00528-CR, 2010 Tex. App. LEXIS 5820, at *18-27 (Tex. App.–Dallas July 23, 2010, pet. filed) (concluding that section 21.02 does not violate due process in part because it "creates a single element of a 'series' of sexual abuse" and "does not make each 'violation' (act of sexual abuse) a separate element of the offense"); *see also Jacobsen v. State*, No. 03-09-00479-CR, 2010 Tex. App. LEXIS 4394, at *13-14 (Tex. App.–Austin June 8, 2010, no pet.) (mem. op., not designated for publication) (same, noting that the forms of sexual abuse enumerated in the statute "are morally equivalent" and "largely similar conceptually"). Soliz does not challenge the constitutionality of the statute on appeal, and we do not address it here.

*Id.* It is undisputed that conditions (1) and (2) do not apply here; therefore, Soliz may only be convicted of aggravated sexual assault if that offense was "considered by the trier of fact to be a lesser included offense of" continuous sexual abuse of a young child. *See id.*

Soliz argues that the phrase "considered by the trier of fact" means that the trier of fact, not the trial court, must make the preliminary legal determination of whether an offense is, in fact, a lesser included offense of continuous sexual abuse of a child. Soliz asserts that "if the jury is required 'to consider' then it must have an opportunity to exercise its discretion on the issue."

When interpreting a statute, we work to effectuate the collective intent of the legislature by discerning the objective meaning of the statute's literal text at the time of its enactment. *Muniz v. State*, 851 S.W.2d 238, 244 (Tex. Crim. App. 1993); *see also* TEX. GOV'T CODE ANN. § 311.011 (Vernon 2005). We interpret a statute in accordance with the plain meaning of its language unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended. *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991); *see Whitelaw v. State*, 29 S.W.3d 129, 131 (Tex. Crim. App. 2000).

The plain meaning of the word "consider" is "to think about carefully" or "to take into account." MERRIAM WEBSTER'S COLLEGIATE DICTIONARY 246 (10th ed. 2006). There is nothing in the plain language of the statute indicating that the Legislature intended to supercede or abrogate *Hall* and its progeny by requiring—for this crime and for this crime only—the trier of fact to decide whether an offense is a lesser included offense of the charged offense. That is to say, under the statute's plain meaning, there is no conflict between it and the proper procedure as stated in *Hall*.[5] Even if we were to find that the statute plainly means that the jury must be permitted to make this determination, we

---

[5] At oral argument, Soliz's counsel suggested that penal code subsection 21.02(e)(3) conflicts with code of criminal procedure article 37.09 and that the former, specific provision trumps the latter, general provision. *See* TEX. CODE CRIM. PROC. ANN. art. 37.09 (Vernon 2006); TEX. PENAL CODE ANN. § 21.02(e)(3) (Vernon Supp. 2010). We do not discern any conflict between the two statutes. We note that, if the jury was in fact required to decide whether an offense is a lesser included offense in this case, Soliz does not state how the jury should have been instructed if article 37.09 does not apply.

believe this is a result that the Legislature could not have intended here. *See Boykin*, 818 S.W.2d at 785. As noted in *Hall*, the first-step question of whether a given offense is a lesser included offense is a pure question of law, and must be capable of being answered before trial. 225 S.W.3d at 535-36. It would be absurd to require a jury of lay people to make this determination, which would be entirely independent of the evidence presented at trial. Requiring the jury to determine whether the evidence supported the inclusion of the lesser included offense in the jury charge—the second step elucidated in *Hall*—would be even more absurd. We believe that the only reasonable interpretation of subsection 21.02(e)(3) is one under which the trial court is permitted to make determinations as to pure matters of law.

We overrule Soliz's first issue. Having done so, we need not address his second issue.[6]

### III. CONCLUSION

The judgment of the trial court is affirmed.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
7th day of October, 2010.

---

[6] Soliz did not assert, at trial or on appeal, that the trial court made *incorrect legal conclusions* when it determined that aggravated sexual assault and indecency with a child are, as a matter of law, lesser included offenses of continuous sexual abuse of a young child. Instead, Soliz only contends that the trial court was the *wrong decisionmaker* to have made that determination. Accordingly, we do not decide here whether the trial court's determinations were correct. *See* TEX. R. APP. P. 33; *cf. Pena v. State*, 191 S.W.3d 133, 136 (Tex. Crim. App. 2006) (noting that "[a]ppellate courts are free to review 'unassigned error'—a claim that was *preserved in the trial below* but was not raised on appeal" (emphasis added)).