PD-1528-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/3/2015 12:30:06 PM
Accepted 12/4/2015 12:20:41 PM
ABEL ACOSTA
CLERK

Cause Number PD-1528-15

Frederick Deshun Lee v. The State of Texas

State's Reply to Petition for Discretionary Review

On PDR from Cause No. 12-15-000183-CR

In the Court of Appeals, Twelfth District, at Tyler

And

Cause No. 31727 (Counts I and II)

In the 3rd Judicial District Court, Anderson County, Texas

Melinda Fletcher
SBN 18403630
Special Prosecution Unit
P O Box 1744
Amarillo, Texas  79105
Phone 806.433.8720
Fax 866.923.9253
mfletcher@sputexas.org

FILED IN
COURT OF CRIMINAL APPEALS

December 4, 2015

ABEL ACOSTA, CLERK

# Table of Contents

Table of Contents ..................................... 2

Index of Authorities .................................. 3

Issue Presented ....................................... 4

Summary of the Argument ............................... 5

Argument .............................................. 5


  State's Response to Sole Issue: The non-aggravated
  version of Aggravated Assault on a Public Servant
  is Assault on a Public Servant. The statute of
  limitations for Assault on a Public Servant is three
  years, and so the statute of limitations for
  Aggravated Assault on a Public Servant is also three
  years................................................. 5


Prayer ................................................ 9

Certificate of Compliance ............................ 10

Certificate of Service ............................... 10

# Index of Authorities

**Texas State Case Law**

Lee v. State, 12-15-00183-CR, 2015 WL 7019187
     (Tex. App. —Tyler Nov. 12, 2015) (mem. op.).......6

Whitelaw v. State, 29 S.W.3d 129
     (Tex. Crim. App. 2000)...........................7


**Texas Code of Criminal Procedure**

Art. 12.01 ......................................6, 7

Art. 12.02 .........................................6

Art. 12.03 ...................................5, 6, 7, 8


**Texas Penal Code**

Sec. 22.02 .........................................8

Cause Number PD-15-1528-15

Frederick Deshun Lee v. The State of Texas

To the Honorable Judges of the Court of Criminal Appeals:

The State of Texas, by and through her Special Prosecution Unit, respectfully presents this Reply to Lee's Petition for Discretionary Review. The State urges this Court to deny Lee's Petition.

# Issue Presented

**Issue Raised by Lee**: Whether the primary crime for Aggravated Assault on a Public Servant should be misdemeanor assault instead of felony assault, thus making the applicable statute of limitations two years?

**State's Response**: The non-aggravated version of Aggravated Assault on a Public Servant is Assault on a Public Servant. The statute of limitations for Assault on a Public Servant is three years, and so the statute

of limitations for Aggravated Assault on a Public Servant is also three years.

# Summary of the Argument

Code of Criminal Procedure Article 12.03(d) should be interpreted to instruct us to simply remove the word "aggravated" to arrive at what it calls the "primary crime." Under this interpretation, the statute of limitations for aggravated assault on a public servant is three years. Lee was indicted within the three-year period and so his convictions should stand.

# Argument

**State's Response to Sole Issue: The non-aggravated version of Aggravated Assault on a Public Servant is Assault on a Public Servant. The statute of limitations for Assault on a Public Servant is three years, and so the statute of limitations for Aggravated Assault on a Public Servant is also three years.**

Lee was indicted for aggravated assault on a public servant approximately 26 months after the date of the offense. CR 1:6 Lee asserts that the indictment is barred by a statute of limitations. The State, the trial court, and the lower appellate court disagree. See *Lee v. State*, 12-15-00183-CR, 2015 WL 7019187 (Tex. App. —Tyler Nov. 12, 2015) (mem. op.).

At issue is the interplay of three Articles from the Code of Criminal Procedure Articles 12.01(7), 12.02(a), and 12.03(d). Misdemeanors have a two-year statute of limitations. Tex. Code Crim. Proc. 12.02(a). The default statute of limitations for felonies is three years. Tex. Code Crim. Proc. Art. 12.01(7). But there is also a provision that says an "aggravated" offense carries the same limitation period as the primary crime. Tex. Code Crim. Proc. Art. 12.03(d). "Primary crime" is not defined.

This Court acknowledged the unsettled status of this issue in *State v. Bennett*, 415 S.W.3d 867, 868 (Tex. Crim. App. 2013). The State asserts that the "primary

crime" underlying "aggravated assault of a public servant" is "assault of a public servant." Therefore, under Art. 12.01 and Art. 12.03, the statute of limitations is three years.

The first rule of statutory construction is to "interpret a statute in accordance with the plain meaning of its language, unless the language is ambiguous or the plain meaning leads to absurd results that the Legislature could not possibly have intended." *Whitelaw v. State*, 29 S.W.3d 129, 131 (Tex. Crim. App. 2000). Article 12.03(d) states that "…any offense that bears the title 'aggravated' shall carry the same limitation period as the primary crime." Because this statute emphasizes the word "aggravated," the plain meaning of the statute says that the word "aggravated" should be removed to arrive at the "primary crime." This does not lead to an absurd result in this case, but leaves the statute of limitations for this felony, whose primary crime is assault on a public servant, at three years.

In contrast, Lee's interpretation would lead to an absurd result. Aggravated Assault on a Public Servant is a first degree felony. Tex. Penal Code Sec. 22.02(b)(2)(B). Lee's interpretation would render the statute of limitations for a first degree felony to be only two years, which is less than the statute of limitations for any other felony.

The plain meaning of Art. 12.03(d) provides for a three-year statute of limitations for the offense of Aggravated Assault on a Public Servant. Lee was indicted within this three-year period, and so his convictions should stand.

# Prayer

The State prays that this Honorable Court deny Lee's petition for discretionary review. In the alternative, the State prays that this Honorable Court grant the petition for review, and issue an opinion clarifying that the statute of limitations for Aggravated Assault on a Public Servant is three years.

Respectfully Submitted,

/s/ Melinda Fletcher

Melinda Fletcher
SBN 18403630

Special Prosecution Unit
P O Box 1744
Amarillo, Texas 79105

Phone 806.433.8720
Fax   866.923.9253
mfletcher@sputexas.org

# Certificate of Compliance

I hereby certify that, according to Microsoft Word 2007, this response contains a total of only 1,042 words. The length of this document is in compliance with the Texas Rules of Appellate Procedure.

/s/ Melinda Fletcher

Melinda Fletcher

# Certificate of Service

I hereby certify that a true and correct copy of the foregoing State's Reply to Lee's Petition for Discretionary Review was served on Kenneth Nash and Nicholas Mensch, the attorneys for Lee, and the State Prosecuting Attorney, via www.efile.txcourts.gov, on this the 3rd day of December, 2015.

/s/ Melinda Fletcher

Melinda Fletcher