NO. 07-07-0415-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 5, 2008

_____

HAYWARD DAVID MONCEAUX, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 252ND DISTRICT COURT OF JEFFERSON COUNTY;

NO. 82032; HONORABLE LAYNE WALKER, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

In September 2000, Appellant, Hayward David Monceaux, was granted deferred adjudication and placed on community supervision for ten years in exchange for his plea of guilty for aggravated assault on a public servant. At a hearing on the State's *Motion to Revoke Unadjudicated Probation*, Appellant entered pleas of true to three of the State's allegations. The trial court adjudicated him guilty of the charged offense and imposed a

sentence of five years confinement. By a sole point of error, Appellant questions whether the trial court violated his rights to due process, due course of the law of the land, and fundamental fairness in revoking community supervision. We affirm.

## Background

Prior to Appellant being placed on community supervision in 2000, the Honorable Leonard Giblin, then presiding judge, ordered preparation of a presentence investigation (PSI) report. Seven years later, on September 7, 2007, at the hearing on the motion to revoke, with the Honorable Layne Walker presiding, defense counsel requested that a new PSI report be prepared and the following colloquy occurred:

> [Defense counsel]: Your Honor, I would ask that we do a P.S.I. report. [Appellant] was transferred over to Houston. He was attending school in Houston. I tried a number of occasions – and I think this Court has tried – to try to contact the Houston probation officer. I don't have a report from Houston. I've requested it. I would ask – [Appellant] also successfully completed a drug program over there –
>
> [Appellant]: DAPA.
>
> [Defense counsel]: As ordered by the probation officer over in Harris County, Your Honor.
>
> The Court: Mr. Knauth [prosecutor].
>
> [Prosecutor]: State recommends revocation, Your Honor. He has completed several drug treatment programs, including SAFPF, but continues to do drugs.
>
> [Defense counsel]: Your Honor, if I may, the reason why he quit the last time was because of the dirty U.A.s. I believe the last one was October 17, and they recommended not revocation but to go back into the drug program.
>
> The Court: Mr. Monceaux, in your case I find the evidence to be sufficient to find Counts 3, 4, and 5 to be true. They are, therefore, true. I hereby

2

revoke your unadjudicated probation. I now find you guilty of the offense of aggravated assault with a deadly weapon. You're, therefore, guilty of that offense. I assess your punishment at five years confinement in the Institutional Division. You will receive credit for any and all time that you're entitled to by law.

I'm going to hand you a copy of the trial court certification stating this is not a plea bargain case and you do have a right to appeal. Here's your copy. Have a good day.

Defense counsel's request for a PSI report was not acknowledged. Neither was he given an opportunity to address the court immediately following its pronouncement of guilt. Appellant maintains his rights were violated because a PSI report would have been "useful and enlightening to the fact finder." Instead, Appellant contends that the court was only aware of negative information. The State suggests, without actually conceding error, that Appellant was entitled to a PSI report, but argues that the record shows no harm resulted from the trial court's inaction.

## Preservation of Error

Although the State does not contend that Appellant failed to preserve his complaint for appellate review, we raise the issue to show a reasonable and liberal interpretation of Rule 33.1(a) of the Texas Rules of Appellate Procedure so that a right to appeal is not lost by hypertechnical application of the rule. As in *Issa v. State*, 826 S.W.2d 159, 161 (Tex.Crim.App. 1992), the trial court made one proclamation adjudicating Appellant guilty and assessing punishment without giving defense counsel an opportunity to resolve the request for preparation of a PSI report. We conclude Appellant's complaint is before us.

## Presentence Investigations

Article 42.12, § 9(a) of the Texas Code of Criminal Procedure provides that before imposition of sentence by a judge in a felony case, the judge shall direct a supervision officer to report, in writing, certain information to the judge. The purpose of the report is to determine (1) the circumstances of the charged offense, (2) the amount of restitution necessary to compensate a victim of the offense adequately, (3) the defendant's criminal and social history, and (4) any other information relating to the defendant or the offense requested by the judge. *Id.*

Subject to certain exceptions not applicable here, the plain language of the statute makes it mandatory to order a PSI report in a felony case when requested by the defendant, even when the defendant is not eligible for community supervision. *Whitelaw v. State*, 29 S.W.3d 129, 132 (Tex.Crim.App. 2000). Because defense counsel requested preparation of a PSI report and Appellant did not waive his right to a PSI report during the initial plea proceeding in 2000, the trial court erred in not ordering that one be prepared. *Cf. Griffith v. State*, 166 S.W.3d 261, 265 (Tex.Crim.App. 2005) (holding that waiver of a PSI report at the initial plea hearing continues to be effective at the adjudication and sentencing proceedings).

## Harm Analysis

Error in failing to order preparation of a PSI report is subject to review for harm. *See Whitelaw*, 29 S.W.3d at 132. *See also Cain v. State*, 947 S.W.2d 262, 264 (Tex.

4

Crim.App. 1997). As the trial court erred in violating a statute, we apply the non-constitutional harm standard of review which provides that error that does not affect substantial rights must be disregarded. Tex. R. App. P. 44.2(b).

Appellant was found guilty of aggravated assault on a public servant, a first degree felony punishable for five to ninety-nine years and a $10,000 fine. Tex. Penal Code Ann. § 12.32 (Vernon 2003). Appellant plead guilty to the offense in 2000. At the hearing on the motion to revoke, he entered pleas of true to three of the State's allegations. A plea of true standing alone is sufficient to support a trial court's revocation order. *Rincon v. State*, 615 S.W.2d 746, 747 (Tex.Crim.App. 1981); *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979). Additionally, one sufficient ground for revocation supports a trial court's order. *Moore v. State*, 605 S.W.2d 924, 926 (Tex.Crim.App. 1980). Appellant received a five year sentence, the least possible term. Reviewing the entire record, we cannot conclude that Appellant was harmed by the trial court's error in failing to order preparation of a PSI report. Appellant's sole point of error is overruled.

## Conclusion

Accordingly, the trial court's order adjudicating Appellant guilty is affirmed.

Patrick A. Pirtle
Justice

Do not publish.

5